MIECZYSLAU HANKOWSKI'S CASE.

Suffolk.  May 5, 1959. — June 10, 1959.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Workmen's Compensation Act*, Notice, Claim.

Evidence in a workmen's compensation case involving an employee who claimed compensation for an injury to his back warranted findings by the Industrial Accident Board under G. L. c. 152, §§ 49, 44, that the

employee had no intention to mislead when he stated in his seasonably filed claim that the injury occurred on a date, seven months before it actually occurred, on which he had suffered a recurrence of a previous back injury, that the self insurer was not in fact misled by the mistake in the date stated, and that the self insurer had knowledge of the injury through a foreman who was immediately notified of it and sent the employee home and through a representative who a few days later took a signed statement from the employee as to the injury.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Tomasello*, J.

*Frederick B. Hobart*, for the self insurer.

*Frederick S. Pillsbury*, for Travelers Insurance Company.

No argument nor brief for the claimant.

COUNIHAN, J.   This is an appeal by a self insurer, Springfield Street Railway Company, the employer of the claimant, from a decree entered in the Superior Court which adjudged, in accordance with the findings and decision of a reviewing board, that the self insurer was obligated to pay the claimant weekly total incapacity payments at the rate of $30 together with weekly dependency compensation at the rate of $7.50 for the period commencing December 25, 1952, and continuing, subject to the provisions of the workmen's compensation act (G. L. c. 152, § 34, as it read on December 25, 1952); and ordered the self insurer to pay the Travelers Insurance Company, hereinafter called Travelers, the sum of $8,587.50 as reimbursement for such payments made by it to the employee pursuant to a selection by a member of the Industrial Accident Board under the provisions of G. L. c. 152, § 15A, as amended through St. 1955, c. 174, § 5, during the period from December 25, 1952, to May 15, 1957.

The reviewing board found that at that time Travelers had paid the employee the maximum amount due under G. L. c. 152, §§ 34 and 35, for compensation payments on account of an accident on March 22, 1950, hereinafter referred to.

The decree ordered the self insurer to pay the employee weekly total incapacity payments at the rate of $30, together with weekly dependency compensation at the rate of $7.50

beginning May 16, 1957, and continuing; and also adjudged that there is due the employee $3,487.50 for payments for incapacity and dependency for the period from May 16, 1957, to February 26, 1959, which the self insurer is ordered to pay forthwith. The decree also awarded a medical fee and counsel fees.

The self insurer introduced no evidence before the single member or the reviewing board. It relied upon its contention that the board had no jurisdiction because the employee filed with the board no notice of injury or claim for injury which the single member and the reviewing board found he had sustained on December 25, 1952.

The facts found by the reviewing board may be summarized as follows: On March 22, 1950, the employee admittedly sustained an injury to his back which arose out of and in the course of his employment. Travelers was the insurer of the street railway company at that time and it made compensation payments to the employee on account of total incapacity and dependency until April 22, 1952, when he returned to work. However, the employee suffered a recurrence of the injury on May 24, 1952, which incapacitated him until September 21, 1952, and Travelers later made payments to him as before until he returned to work on September 22, 1952.

In the meantime on December 1, 1951, the street railway company became a self insurer and was such on December 25, 1952, when the employee sustained another injury to his back when, in the course of his employment, he was attempting to remove a heavy bus tire from a rack. He immediately notified his foreman of this injury and he was sent home in a company truck. On the following day he was attended by his own physician who adequately treated him thereafter and subsequently he was in a veterans' hospital for two months where he had an operation and outpatient treatments. A few days after this second accident, he gave a written statement concerning it to a representative of the self insurer. He has been totally incapacitated for work since December 25, 1952.

On April 24, 1953, the board received a claim for compensation from the employee which incorrectly set forth the date of the second injury as May 24, 1952. On the same day the board received a "Request for Hearing" which stated that the period of incapacity existed from "May 24, 1952, to September 20, 1952. December 25, 1952, to this date and continuing at this time."

It is so well established that the decision of the reviewing board must be upheld by this court if supported by evidence and not tainted by error of law, that no citations are necessary, and it is also well settled that, where an employee has suffered two compensable injuries, the insurer covering the risk at the time of the second injury bearing a causal relation to the subsequent disability must pay compensation for that disability. *Fitzpatrick's Case*, 331 Mass. 298, 300. *Franklin's Case*, 333 Mass. 236, 238.

The self insurer, however, contends that because no notice of injury and claim for compensation were filed with the board with respect to the injury of December 25, 1952, the single member and the reviewing board had no jurisdiction to make a finding against the self insurer on account of an injury sustained on that date. We do not agree. General Laws c. 152, § 49, as amended in a manner not here material by St. 1953, c. 314, § 6, provides in part, "A claim for compensation shall not be held invalid or insufficient by reason of any inaccuracy in stating the time . . . of the injury unless it is shown that it was the intention to mislead and that the insurer was in fact misled thereby. Failure to make a claim within the time fixed by section forty-one shall not bar proceedings under this chapter if it is found that it was occasioned by mistake or other reasonable cause, or if it is found that the insurer was not prejudiced by the delay."

Section 44 of c. 152 provides that no notice of injury shall be invalid by reason of any inaccuracy in stating the time of the injury unless it is shown that it was the intention to mislead and that the insurer was in fact misled thereby. Want of notice shall not bar proceedings, if it be shown that the insurer, insured or agent had knowledge of the injury.

In the instant case the reviewing board warrantably found that there was no intention to mislead and that the self insurer was not in fact misled by the mistake in giving the time of the injury as May 24, 1952, in the claim for compensation.

The reviewing board was warranted in finding that the employer had knowledge of the injury of December 25, 1952. There was evidence that the foreman of the employer was immediately notified of it and sent the employee home in a company truck; and that a representative of the self insurer took a signed statement from the employee of the manner in which that injury was sustained.            *Decree affirmed.*