Kleiner et al. v. O'Kelley, 22 N. M. 624.

[No. 1995.  August 7, 1917.]

KLEINER et al. v. O'KELLEY.

### SYLABUS BY THE COURT.

1. A demurrer to an entire declaration or complaint made up of separable parts must be overruled if any one of the counts or parts is good as against it.

P. 627

2. The premature commencement of an action is not a jurisdictional matter, but is one which may be waived, as by a failure seasonably to interpose an objection upon this ground; and it is ordinarily held that, if defendant, without objection, appears and pleads to the merits of the action, he cannot thereafter object that it was prematurely commenced.

P. 627

Appeal from District Court, Chaves County, McClure, Judge.

Suit by Bertha H. Kleiner and others against James M. O'Kelley, with cross-complaint by one Redwine and one Reusser. Judgment for plaintiff Kleiner and for cross-complaints against defendant, and he appeals. Affirmed.

U. S. Bateman, of Roswell, for appellant. H. C. Maynard and J. D. Mell, both of Roswell, for appellees.

### OPINION OF THE COURT.

ROBERTS, J.  On May 30, 1911, Allen A. Phillips and wife executed and delivered to the Bonded Abstract & Se-

curity Company a promissory note for the principal sum of $2,000, due and payable May 30, 1916. The note bore interest at the rate of 10 per cent. per annum from date until paid, payable semi-annully. At the same time, to secure the payment of the note and the interest as it should become due, Phillips and wife executed and delivered to said company a mortgage on lots 15, 16, and 7 and the north half of lot 8 of the El Capital View subdivision of the town of Roswell. On the same day said Phillips and wife also executed and delivered to said company other negotiable promissory notes which aggregated $3,169.14, which notes were secured ·by a second mortgage on said real estate. Bertha H. Kleiner, one of the appellees herein, purchased the $2,000 note, and Redwine and Reusser· became the owners, respectively, of some of the notes secured by the second mortgage. On July 25, 1912, Phillips and wife conveyed by warranty deed the real estate above described to the Bonded Abstract & Security Company. This deed was made subject to the mortgages above mentioned, which said company, under said deed, assumed and agreed to pay.

On December 18, 1912, appellant was the owner of 160 acres of land in Chaves county which was free and clear of incumbrances. On said day the Bonded Abstract & Security Company, through its general manager, agreed to exchange properties with appellant. The company executed and delivered to appellant a warranty deed for the real estate above described owned by it, which deed referred to the mortgages mentioned and, proceeded:

"Both of the afore-mentioned mortgages and interest the party of the second part assumes and agrees to pay and to hold the party of the first part harmless from any obligation thereon, both as to interest and principal."

Appellant executed to the Bonded Abstract & Security Company a warranty deed for the 160 acres of land owned by him, and it executed to appellant a mortgage securing notes for a like amount as those outstanding against the land owned and conveyed to appelllant by the Bonded Abstract & Security Company. On July 20, 1915, appellant having failed to pay the interest on the $2,000 note, Bertha

H. Kleiner instituted suit in the district court of Chaves county on said note and the past-due installments of interest, and to foreclose the mortgage. The holders of the second mortgage later set up their lien.

On the 12th day of August 1915 appellant demurred to the complaint filed by the appellee Kleiner upon the ground that the action was prematurely brought, which demurrer was overruled. Later a demurrer was filed to the cross-complaint of Redwine and Reusser on the ground that the cross-omplaint did not state a cause of action, in that it did not appear that the appellant received any consideration for his alleged assumption and agreement to pay the mortgage mentioned in said cross-complaint, which demurrer was also overruled.

Counsel for appellant states·that on January 15, 1916, appellant filed his answer to the complaint of appellee Kleiner, that the answer has been omitted from the record, but that it contained, in substance, the same denials set forth in appellant's amended answer.

On March 4, 1916, a decree was entered in favor of appellant directing the sale of the mortgaged property to pay the note and interest. After the entry of the decree mentioned, appellant filed an amended answer to the complaint of appellee Kleiner, and also to the cross-complaint of Redwine and Reusser. The answer proceeded upon other grounds than that the cause of action was prematurely brought; no such issue being tendered by either of the amended answers.

On August 4th appellant filed a motion to set aside the sale and to vacate the judgment upon the ground that the principal sum of $2,000 covered by the decree of sale was not due when the order of sale was entered. This motion was overruled, and the sale was confirmed.

On September 7, 1916, after hearing proof, the court gave Redwine and Reusser judgment against appellant for the sum of $2,447.50, and also gave a deficiency judgment in favor of appellee Bertha H. Kleiner for the sum of $365.

By this appeal appellant seeks to review not only the judgment decreeing the foreclosure of the mortgage and

the sale of the property, but also the deficiency judgment. The appeal was not taken until more than six months after the entry of the judgment decreeing the foreclosure of the mortgage, and it might be questioned whether appellant had the right to have the decree of foreclosure reviewed on this appeal; but, as the cause must be affirmed, it is not necessary to consider this question further.

[1] The first point which appellant presents for consideration is alleged error on the part of the court in overruling his demurrer to the complaint and the overruling of his motion to vacate the judgment, and to set aside the sale; the same point being raised by both the demurrer and the motion, namely, that the cause of action was prematurely instituted. Appellant concedes that the interest on the note was past-due and unpaid, and that as to this item of the complaint it stated a good cause of action; that the mortgage was properly subject to· foreclosure to pay this past-due interest. That being true, the complaint was not subject to the demurrer overruled by the court, as the demurrer was addressed to the whole of the complaint. It is a well-settled rule of law, to which we know of no exception, that a demurrer to an entire declaration or complaint made up of separable parts must be overruled if any one of the counts or parts is good as against it. 31 Cyc. 329. Because of this rule of law the demurrer filed by appellant must be eliminated from consideration. and, this being true, the case would stand as though no demurrer had been filed to the complaint.

[2] Appellant answered the complaint, and in his answer failed to raise any issue as to the prematurity of the action in so far as the principal of the note was concerned. Appellant contends, however, that this issue was one of the facts which the court was necessarily bound to find before judgment could be entered for the principal of the note. A sufficient answer to this contention is that the court found that the principal of the note was due and unpaid, and appellant made no objection whatever to this finding, and failed in any manner to call the court's attention to the error. In the case of Fullen v. Fullen, 21 N.

M. 212, 153,Pac. 294, this court, in discussing the question of the necessity for proper objection and exceptions, said:

⁄ "It is the plain duty of counsel, in case the court goes too far, or not far enough, or makes a mistake to the injury of his client, to make the same known in some appropriate form, ⁄to the end that the error may be then and there corrected,. and the client then and there may receive his just award."

If the appellant had called the court's attention to the error in the finding in this regard, he,could have received relief at that time, and had such relief not been awarded to him, he would be in a position to have the error reviewed in this court.

Some months after the decree had been entered foreclosing the mortgage and the property had been sold and the court was asked to confirm the sale, appellant·moved to set aside the decree of foreclosure and vacate the sale, because the principal sum of the note was not due, and he now complains of the action of the court in refusing to sustain this motion. The motion, however, came too late. It was the duty of appellant to have presented this ground of objection to the court before the cause had passed to judgment. The court had jurisdiction of the parties and of the subject-matter, and the complaint stated a cause of action. In 1 C. J. 1152, it is said:

"The premature commencement of an action is not a jurisdictional matter, but is one which may be waived, as by a failure seasonably to interpose an objection upon this ground; and it is ordinarily held that if defendant, without objection, appears and pleads to the merits of the action, he cannot thereafter object that it was prematurely commenced."

Many cases are cited in support of the text, all of which we have,examined, and find that the text is fully supported. For the above reason appellant cannot urge in this court the objection that the action was prematurely brought as to the principal of the note. In this connection it might be well to add that in the amended answer appellant defended the cause on the merits, and was seemingly content to waive the objection that the action was prematurely brought.

Kleiner et al. v. O'Kelley, 22 N. M. 624.

The second point made is that the cross complaint of Redwine and Reusser does not state a cause of action against the appellant, because it does not state any consideration for the assumption of payment contained in the deed that the Bonded Abstract & Security Company gave to appellant. This objection is without merit, because the complaint alleges that the Bonded Abstract & Security Company sold the property secured by the mortgage to the defendant, O'Kelley, subject to the mortgage, and which mortgage the defendant, O'Kelley, assumed and agreed to pay, which shows that this assumption was a part of the consideration of the sale.

The third, fourth, fifth and sixth points relied upon by appellant for reversal relate to certain findings made by the court. Appellant complains of these findings on the ground that they are not supported by the facts. We think, however, that the findings, in so far as the objections are concerned, were fully supported by the facts. Appellant's principal objection is that appellant did not intend to assume the obligation to pay the notes in question when the trade was made with the Bonded Abstract & Security Company. He, however, accepted, without objection the deed which contained this assumption clause, placed it of record, and retained it for over two years. On the day that the deeds were exchanged he submitted his deed to Mr. Bateman, an attorney, for examination. In view of these facts, we think the court properly found that he had assumed and agreed to pay the notes in question.

Appellant also claims that the findings of fact did not support the judgment, but in this he is in error.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, concur.