402 P.2d 948

Alex SALAZAR, Plaintiff-Appellant,

v.

**LAVALAND HEIGHTS BLOCK COMPANY,**
Employer, and Pacific Employers Insurance Company, Insurer, Defendants-Appellees (two cases).

Nos. 7533–7557.

Supreme Court of New Mexico.

May 10, 1965.

Rehearing Denied June 23, 1965.

212

Gallagher & Walker, Albuquerque, for plaintiff-appellant.

Key & May, Albuquerque, for defendants-appellees.

CHAVEZ, Justice.

Cause No. 7533, Alex Salazar, plaintiff-appellant, v. Lavaland Heights Block Company, employer, and Pacific Employers Insurance Company, insurer, defendants-ap-pellees, was consolidated with cause No. 7557 between the identical parties.

In cause No. 7533, plaintiff appeals from the trial court's judgment that plaintiff was not entitled to any workmen's compensation payment and that plaintiff's complaint be dismissed with prejudice. In cause No. 7557, plaintiff appeals from the trial court's dismissal of the complaint on the basis that the judgment entered in cause No. 7533 is res judicata as to this action.

In cause No. 7533 the trial court found:

"1. That the Court has jurisdiction of the parties and subject matter.

"2. That Plaintiff, Alex Salazar, sustained an accidental injury, arising out of and in the course of his employment on June 23, 1961, while working for Lavaland Heights Block Company.

"3. That Plaintiff, Alex Salazar, gave notice of said accident on June 23, 1961, to employer, Lavaland Heights Block Company.

"4. That Plaintiff, Alex Salazar, did not incur any loss in time from work nor any reduction in pay as a result of said accidental injury on June 23, 1961, and was not in fact disabled as a natural and direct result of said accident.

"5. That Plaintiff, Alex Salazar, did not give notice of any other in-

jury or injuries arising out of and in the course of his employment with Lavaland Heights Block Company.

"6. That Plaintiff made a good recovery from the injury of June 23, 1961, and received no treatment from September 6, 1961 to November 8, 1961, when he returned for treatment claiming difficulty from causes other than this injury.

"7. That medical expenses incurred by the plaintiff should be paid by the defendant.

"8. That Defendants were at all times after June 23, 1961, aware that Plaintiff was complaining that his back was still hurting, but that until his employment ceased on or about August 8, 1962, they refused to pay compensation to the Plaintiff.

"9. That Plaintiff was represented by counsel prior to April, 1962, and that suit was filed on August 8, 1962.

"10. That more than one year elapsed before suit was filed from the date compensation would have been due and payable, and that the employer and insurer failed and refused to pay any compensation to the Plaintiff.

"11. That the Plaintiff failed to prove the elements necessary to be entitled to compensation as required by 59–10–13.3, New Mexico Statutes 1953 Annotated.

"12. That the Plaintiff had no disability as defined in 59–10–12.1, New Mexico Statutes 1953 Annotated.

"13. That the complaint filed by the Plaintiff in connection with the alleged injury in July, no date of the injury having been proven, and the complaint having been filed on August 6th, was prematurely filed."

The trial court made the following conclusions of law:

"1. That on or about June 23, 1961, Plaintiff, Alex Salazar, at Albuquerque, New Mexico, suffered an injury arising out of and in the course of his employment by Lavaland Heights Block Company as a truck driver.

"2. That employer had notice of this one accident.

"3. That any other accidents from which Plaintiff may have sustained any injury were not reported to the Company as required by law.

"4. That all medical expenses incurred by the Plaintiff 'shall be paid by the defendant.

**214**

"5. That suit was not filed within one year after the failure and refusal of the defendant employer and insurer to pay compensation when due, therefore this action is barred.

"6. That no compensation is due the Plaintiff since proof as required by 59–10–13.3 New Mexico Statutes 1953 Annotated was not fulfilled.

"7. That Plaintiff should take nothing by his complaint.

"8. That Plaintiff's attorney should not be allowed any attorney's fee.

"9. That Dr. Myron Rosenbaum be allowed the amount of $75.00 for expert witness' fee in giving his deposition.

"10. That the original complaint filed on August 6, 1962, for the alleged injury that occurred in July, 1962, was prematurely filed by the Plaintiff and is therefore dismissed."

Plaintiff-appellant's first point is that the trial court erred in concluding that plaintiff's claim was barred by the statute of limitations. Plaintiff relies solely upon Cordova v. City of Albuquerque, 71 N.M. 491, 379 P.2d 781, to sustain this point. In that case the only question was whether the claim was filed within one year from the date the employer failed or refused to pay compensation. After the plaintiff in the Cordova case was injured and treated, he continued to work for the defendant, although complaining of pain in his back to his foreman and associates. The defendant contended that, since no latent injury was involved, the one-year statute of limitations began to run on the date of the injury and was not tolled or suspended. In that case we stated:

"It is thus apparent this court recognizes that a return to previous employment and payment of regular wages for the performance of usual duties, absent any suspicious circumstances, relieves the employer of the duty of making compensation payments during such period of regular employment and payment of regular wages.

"If the employer is relieved of the duty to pay compensation under such circumstances, it is only logical to conclude that the employee's obligation to file a suit during such period is suspended and the statute of limitations is thereby tolled. This is true where there is no showing of any suspicious circumstances which would put the employer on notice of a continued injury, thereby obligating him to continue paying compensation for the period involved."

The facts in the Cordova case are similar to those in the instant case. Here plaintiff

continued to work and was paid his regular salary for the work performed; defendant did furnish plaintiff with a helper for a short period and then changed plaintiff to an easier job; plaintiff complained of pain at all times after his injury, continued seeing his doctor, and was forced to wear a spinal belt. Although defendants agree that the Cordova case is similar, they contend that the trial court's finding No. 8, hereinbefore quoted, distinguishes this case from Cordova. It is defendants' contention that the "suspicious circumstances," which we concluded were not present in Cordova, are present in this case. The suspicious circumstances relied upon by defendants are: (1) Plaintiff's testimony that he had probably talked to his attorney sometime before January 1962, and had told him that the insurance company had refused to pay him anything; (2) plaintiff's testimony that from the date of the injury on June 23, 1961, he continued to be disabled as a result of such injury until the date of the trial; (3) the testimony of the general manager and the superintendent of defendant Lavaland, that plaintiff continued to complain about his back hurting him; (4) plaintiff's testimony that he missed no time from work and continued receiving medical treatment from June 23, 1961, until the present time; (5) that defendant insurance company paid $129 to Dr. Rosenbaum on plaintiff's bill, that in October 1961, the insurance company also paid Dr. Rosenbaum

$193.64 on plaintiff's account and, although no compensation was paid to plaintiff, defendant insurance company did offer plaintiff's attorney a settlement sometime in April 1962.

We believe the suspicious circumstances referred to in the Cordova case meant a showing that the claimant's earning ability was reduced so as to create a present right in the claimant to receive, and in the employer to pay compensation. This is our understanding of the last sentence in the quotation from Cordova, supra.

Although plaintiff was given a helper for a short time after the June 23rd incident, and was then given lighter work—operating a hyster, his pay was not reduced, and nothing was shown to indicate he did not earn his salary so as to come within the exception noted in Winter v. Roberson Construction Company, 70 N.M. 187, 372 P.2d 381, 96 A.L.R.2d 933. As a matter of fact, employer concedes this to be true in its answer brief. Plaintiff in the instant case complained of back pains until he was discharged. However, in Cordova, plaintiff also complained of back pains. "Suspicious circumstances" as defined in Cordova and explained above were not present so as to result in the running of the statute of limitations.

This case goes further than the Cordova case in that here the plaintiff continued seeing his doctor and receiving treatments

for his back ailment. Defendants contend that this is a suspicious circumstance sufficient to distinguish the instant case from Cordova.

In Rayburn v. Boys Super Market, Inc., 74 N.M. 712, 397 P.2d 953, we said:

"The legislature defined the term 'disability' in § 59–10–12.1(A), N.M.S.A., 1953, to mean:

" ' * * * a decrease of wage earning ability due to a workman's injury suffered by accident arising out of and in the course of his employment.'

Moreover, by the 1959 amendments to the workmen's compensation act, compensation payments are no longer based upon the physical injury, but upon the 'disability,' or decreased earning ability produced by the injury. Sec. 59–10–13.5, N.M.S.A., 1953. * * *

"In this case, the workman was able to return to work without a reduction in earnings during the period September 21, 1960, following recovery from the laminectomy, until at least October 13, 1961. During that period, the claimant was not disabled as that term is defined by the legislature.

" * * *

"Whether a claimant who suffers some pain as a result of an accidental injury has a right not to work and to file a claim even though he could work

with pain is a question not before us in this case. We find nothing in the statute which requires such workman to cease work and file his claim merely because he continues under the care of a doctor, or suffers some pain, or had been told that at some future time an additional operation may be required as a result of the injury suffered. On the contrary, it is clear to us that a workman may not recover for any period during which his earning ability is as much as before the injury. It follows that the trial court erred in applying the statute of limitations as a bar to recovery of compensation payments. * * *"

And on motion for rehearing we further stated:

" * * * We hold that the statute of limitations does not commence to run until the wage earning ability of the injured workman has been decreased as a result of the accidental injury.

" * * * We have noted the 1963 amendment to § 59–10–13.6, supra, but have not considered its effect since it has no application in this case. * *"

Despite plaintiff's efforts to receive insurance payments and negotiate a settlement, and despite his testimony that he was disabled (when in fact under our statute he was not), we hold that the Cordova and Rayburn cases are controlling and the trial

court erred in holding that the statute of limitations barred this action by plaintiff. We, however, reserve final disposition of this case pending examination of the remaining points.

Plaintiff-appellant's next two points will be disposed of together and are as follows:

"II. The Court erred in determining that plaintiff's claim was not compensable under Sec. 59–10–13.3, New Mexico Statutes, 1953 Anno.

"III. The Court erred in determining that plaintiff had failed to prove any disability under Sec. 59–10–12.1, New Mexico Statutes, 1953 Anno."

If we uphold the trial court's finding that plaintiff failed to prove the elements necessary to entitle him to compensation under our statute, specifically that plaintiff "was not in fact disabled as a natural and direct result of said accident," then it is immaterial that plaintiff is disabled. In view of the statutory requirements that the disability must be a natural and direct result of the accident, it is evident that findings of fact Nos. 4 and 11 had the effect of finding that any disability was not the natural and direct result of the accident.

Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824, disposes of the question herein presented. Montano is strikingly similar to the case before us and the same doctor testified in both cases. In that case we said:

"It is sufficient to point out that the trial judge, being called upon to weigh the testimony of the doctor, was not convinced to the degree necessary to move him to make a finding that the accident in July, 1959, probably caused the injuries complained of and which the doctor found to be present in April, 1961. It is for the trier of the facts to weigh the testimony, determine the credibility of the witness, and, to reconcile inconsistent statements of the witness and say where the truth lies. * * *

"True enough, there was testimony of the medical expert from which the trial court might have found otherwise. Nevertheless, it was for the trial court, as the fact finder, to evaluate all the evidence and determine where the truth lay. * * *

" * * * The testimony of the doctor concerning whether the injury caused the disability was opinion testimony and as such was not conclusive, and the trier of the facts could accept, reject or give such weight only as it deemed the same entitled to have, even though uncontradicted. * * *"

The testimony of the expert witness is very similar in Montano and the instant

**218**

case. To set forth such testimony here would unduly lengthen this opinion and be of little significance. From our examination of the testimony of the expert witness we believe there is ample evidence from which the trial court could reach its decision. Although there was evidence from which the opposite result could have been reached, the trial court was the trier of the facts and we cannot say that the trial court's findings resulted from an incorrect evaluation of the facts.

In view of the Montano case, supra, and the facts in the case before us, we hold that the findings of fact attacked in plaintiff's points II and III, being supported by substantial evidence, the plaintiff's position is without merit.

■ Our holding that the trial court was in error in its finding that plaintiff's claim was barred by the statute of limitations is ordinarily reversible error, and the case would be remanded for a new trial had the only reason for dismissal below been the statute of limitations. However, the trial court further disallowed plaintiff's claim because the disability was not the natural and direct result of the accident, which we hold is supported by the evidence. Therefore, plaintiff was properly denied any compensation in the trial court and to reverse and remand would be meaningless, because plaintiff is not entitled to recover.

The error of the trial court is harmless error in this particular instance.

Plaintiff-appellant's fourth point is that the trial court erred in dismissing with prejudice plaintiff's second suit for relief under the Workmen's Compensation Act. It is argued that, in order for plaintiff to prevail under this point, it is necessary that he contend that the first suit was prematurely filed. Plaintiff submits this point as an alternative in that, if we hold that the first suit was premature and should have been dismissed, then the trial court was in error in dismissing the second suit.

■ This question was decided in Kleiner v. O'Kelley, 22 N.M. 624, 167 P. 1, wherein we quoted 1 C.J. 1152 as follows:

" 'The premature commencement of an action is not a jurisdictional matter, but is one which may be waived, as by a failure seasonably to interpose an objection upon this ground; and it is ordinarily held that if defendant, without objection, appears and pleads to the merits of the action, he cannot thereafter object that it was prematurely commenced.' "

In 1 C.J.S. Actions § 127, pp. 1393–1395, it is stated:

" * * * as a general rule an action commenced before a cause of action

has accrued is premature and cannot be maintained provided proper and timely objection is made, * * *."

That no different rule is applicable in a workmen's compensation case clearly follows from what we said in State ex rel. Kermac Nuclear Fuels Corp. v. Larrazolo, 70 N.M. 475, 375 P.2d 118.

Plaintiff-appellant went to trial on the merits of the action in the first case and cannot now be heard to raise the question of premature filing. In that case the trial court found that it had jurisdiction and decided the case. Even if the court found that the amended complaint cured the premature complaint, it is immaterial because no objection was made to the premature nature of the complaint. Plaintiff here asserts that his own complaint was premature. This is different from the statement quoted above from Kleiner v. O'Kelley, supra, which referred to defendant's failure to object; however, the statement applies with equal force to plaintiff.

We hold that the trial court properly dismissed the second suit by plaintiff and that judgment is affirmed.

It follows from what has been said that the judgment of the trial court in both cases should be affirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.