**GOEBEL v. RAILWAY EXP.
AGENCY, Inc.
Civ. No. 2626.**

United States District Court
E. D. Louisiana,
New Orleans Division.

July 25, 1950.

Thomas Barr, III, New Orleans, La., for plaintiff.

Lemle, Moreno & Lemle, Arthur A. Moreno, and Pat F. Bass, all of New Orleans, La., for defendant.

WRIGHT, District Judge.

1. Plaintiff is a citizen of the State of Louisiana, and the defendant is a corporation incorporated under the laws of the State of Delaware. The matter in controversy exceeds the sum of $3,000.

2. Plaintiff on December 11, 1948, was employed by the defendant as a freight handler receiving a salary of $230.08 per month, or $53.10 per week.

3. Plaintiff's duties as freight handler required that he be on his feet at all times handling all types of express packages. Specifically, he handled packages ranging from very light objects to very heavy objects. Packages up to forty-five pounds were lifted by hand and placed on a four-wheel truck for movement either in or out of express cars. In case of very heavy objects, weighing more than 50 pounds, he would either use a two-wheel cart to move the objects or a device known as a micro-lever to lift the objects on to a truck. He was also required to unload the truck after it was loaded, and in instances would be required to carry the lighter packages anywhere from 15 to 30 feet.

4. Plaintiff's duties consisted entirely of manual labor. His occupation did not require any training or skill.

5. On December 11, 1948, as a result of an accident in the course of his employment, plaintiff suffered a fracture of the medium malleolus of the left ankle and a fracture of the left fibula junction of the middle and lower third, together with dislocation of the left ankle joint and disruption of the ankle mortise.

6. As a result of this injury plaintiff suffers occasional pains in his left ankle, particularly in bad weather, and his ankle swells whenever he is required to stand for any length of time. Further, his ankle has failed to knit and is now held in place only by a fibrous union.

7. Plaintiff is now employed as a truck driver by the Liberty Paper Company. His present employment requires him to pick up objects ranging from 20 to 40 pounds and to place them on and take them off a truck. Heavier objects are handled by him with the assistance of his employer and by use of a hand truck.

8. Plaintiff's disability as a result of the accident is between fifteen and twenty-five percent. Plaintiff would not be able to resume his duties as a freight handler or to perform duties similar thereto for the reason that his ankle would not permit him to stand and work for eight hours each day.

### Conclusions of Law.

1. This court has jurisdiction by virtue of diversity of citizenship of the parties and the amount in controversy.

2. Plaintiff's employment with the defendant was hazardous within the meaning of Act No. 20 of the Louisiana Legislature of 1914, as amended.

3. In compensation, as in all cases, plaintiff has the burden of proving his case by a preponderance of the evidence. Edwards v. Shreveport Creosoting Company, 207 La. 699, 21 So.2d 878.

4. Total and permanent disability under Section 8 of Act No. 20 of the Louisiana Legislature of 1914, as amended, means total and permanent disability to do the same or work similar to that which the employee was performing at the time of the accident. Knispel v. Gulf States Utilities Co., 174 La. 401, 141 So. 9. Plaintiff is totally and permanently disabled un-

**58**

der the provisions of Section 8 of Act No. 20 of the Louisiana Legislature of 1914, as amended.

■ 5. Plaintiff is entitled to compensation at the rate of $30 per week from December 11, 1948 for a period not to exceed 400 weeks.

■ 6. The fee of Dr. E. H. Maurer for medical services rendered as an expert in the trial of this matter is fixed in the amount of $100 and taxed as costs to be paid by the defendant. Section 21 of Act No. 20 of the Louisiana Legislature of 1914, as amended by Act No. 85 of 1926.

■ 7. The fee of Thomas Barr, III, attorney for plaintiff, is fixed at 20% of the judgment as the payments are received by the plaintiff with a maximum fee of $1,000.

The plaintiff will prepare judgment in accordance with these findings.