373 P.2d 824

Rumaldo S. MONTANO, Claimant, Plaintiff-Appellant,

v.

Ike C. SAAVEDRA and Andres A. Montoya, Individually, and d/b/a Montoya-Saavedra Company, Employer; and Westchester Insurance Company, Insurer, Defendants-Appellees.

No. 7062.

Supreme Court of New Mexico.

July 11, 1962.

Ramon Lopez, Charles Driscoll, Albuquerque, for appellant.

Keleher & McLeod, Russell Moore, Albuquerque, for appellees.

NOBLE, Justice.

This appeal is from a non-suit granted pursuant to Rule 41(b) at the close of plaintiff's evidence in a workmen's compensation case tried to the court without a jury. The complaint was filed October 9, 1959, claiming compensation for an accident occurring July 12, 1959. The Rules of Civil Procedure are applicable. § 59–10–13.9, N.M.S.A.1953.

When acting under Rule 41(b), the trial court may determine the facts and in so doing is not bound to give plaintiff's testimony the most favorable aspect, together with all reasonable inferences therefrom, and to disregard all unfavorable testimony. Rather, it is the trial court's duty to weigh the evidence and give to it such weight as he believes it is entitled to receive. Hickman v. Mylander, 68 N.M. 340, 362 P.2d 500.

Acting pursuant to the rule, the trial court made and entered findings of fact and conclusions of law disposing of the action on its merits. Those findings and conclusions were:

"1. That plaintiff was employed by defendant, Andres A. Montoya, on July 25, 1959, in Albuquerque, New Mexico. That on said date plaintiff suffered an accident arising out of and in the course of such employment.

"2. That there is no causal connection between said accident and any back complaints which plaintiff claims to be suffering at this time."

Conclusions:

"1. That the plaintiff failed to sustain the required burden of proof.

"2. That defendants are entitled to judgment dismissing the complaint."

Appellant attacks finding of fact No. 2, and conclusion of law No. 1, as being contrary to the uncontradicted evidence. Appellant (plaintiff below) presented only his own testimony and that of Dr. Rosenbaum, a medical expert.

Section 59–10–13.3, N.M.S.A.1953 (Ch. 67, § 7, Laws 1959) insofar as pertinent, reads:

"A. Claims for workmen's compensation shall be allowed only: * * * (3) when the disability is a natural and direct result of the accident.

"B. In all cases when the defendants deny that an alleged disability is a natural and direct result of the accident, the workman must establish that causal connection as a medical probability by expert medical testimony. No award of compensation shall be based on speculation or on expert testimony that as a medical possibility the causal connection exists."

The motion to dismiss raised the question as to whether the testimony of the medical expert established the causal connection

between the accident and the injury complained of as a medical probability. If the causal connection was based upon testimony of the medical expert as a medical possibility or upon speculation, then as a matter of law the trial court was bound to dismiss the action.

In view of the statutory requirement that causal connection must be established as a medical probability, finding of fact No. 2 has the effect of finding that it was not so established in this case. We then examine the evidence to determine whether the finding is supported by substantial evidence. In doing this we view the evidence in the light most favorable to supporting the finding. Greene v. Esquibel, 58 N.M. 429, 272 P.2d 330; Addison v. Tessier, 62 N.M. 120, 305 P.2d 1067; Hines v. Hines, 64 N.M. 377, 328 P.2d 944; Totah Drilling Co. v. Abraham, 64 N.M. 380, 328 P.2d 1083.

Appellant slipped and fell when taking mail from a train to a truck, injuring his ribs and right side. On his first visit to Dr. Rosenbaum, he complained of his lower right ribs and soreness in the neck and shoulders. X-rays showed two fractures in the ninth rib and one in the tenth rib. The ribs were healed or were healing. Osteo-arthritis was shown in the neck area. No complaint was made at that time of any injury to the lower back. He first complained of his low back in February, 1960.

X-rays were taken showing some osteo-arthritis, but no significant changes. Appellant was treated February 29, March 3 and March 28. He did not see the doctor again until April, 1961, shortly before the trial, when he returned to Dr. Rosenbaum for further x-rays for the purpose of evaluation for the trial. The last x-ray showed a thinning of the disk between the fifth and sixth cervical vertebra. In the meantime, appellant had worked for a lawn service and as a roofer. The doctor testified on cross-examination that the pain in the low back at the time of the 1961 examination could be the result of the arthritic condition or as a result of the type of manual labor appellant was doing.

While Dr. Rosenbaum, in answer to a hypothetical question, did testify, "It is quite probable that this accident is the cause of his disability in his low back now." On cross-examination, however, he admitted it would be difficult to say with any degree of probability that claimant's condition at the time of trial was probably caused by the accident of July 12, 1959. On redirect, he answered:

"A. Well, I would be inclined to say such is my feeling that the accident is the most probable cause of his condition to date but that is subject to argument and it could be disagreed with by others, who are quite competent, and it is very hard to be dogmatic or highly positive of such a statement."

Appellant argues that the trial court either (1) mistakenly believed that the medical expert did not testify that there was a causal connection as a medical probability, or (2) that the testimony of the medical expert was disregarded. We are not impressed by this argument.

It is sufficient to point out that the trial judge, being called upon to weigh the testimony of the doctor, was not convinced to the degree necessary to move him to make a finding that the accident in July, 1959, probably caused the injuries complained of and which the doctor found to be present in April, 1961. It is for the trier of the facts to weigh the testimony, determine the credibility of the witness, and, to reconcile inconsistent statements of the witness and say where the truth lies. Banes Agency v. Chino, 60 N.M. 297, 291 P.2d 328; Zengerle v. Commonwealth Ins. Co. of N. Y., 63 N.M. 454, 321 P.2d 636; Luna v. Flores, 64 N.M. 312, 328 P.2d 82; Galloway v. White, 64 N.M. 470, 330 P.2d 553.

True enough, there was testimony of the medical expert from which the trial court might have found otherwise. Nevertheless, it was for the trial court, as the fact finder, to evaluate all the evidence and determine where the truth lay. Chavez v. Gutierrez, 54 N.M. 76, 213 P.2d 597; Davis v. Hartley, 69 N.M. 91, 364 P.2d 349.

To entitle a workmen's compensation claimant to recover he must establish causal connection between the accident and the injury complained of as a medical probability. It is not sufficient that causal connection be established by expert testimony as a medical possibility. The testimony of the doctor concerning whether the injury caused the disability was opinion testimony and as such was not conclusive, and the trier of the facts could accept, reject or give such weight only as it deemed the same entitled to have, even though uncontradicted. Jamison v. Shelton, 35 N.M. 34, 289 P. 593; Teal v. Potash Company of America, 60 N.M. 409, 292 P.2d 99; State v. Moore, 42 N.M. 135, 76 P.2d 19.

Finally, appellant complains for the first time on appeal that the record does not show that he had completed the presentation of his evidence at the time of the motion to dismiss, and that the court's ruling thereon was premature. The record, however, shows no objection by appellant and affirmatively shows his request for permission to submit and file requested findings of fact and conclusions of law. An objection made for the first time on appeal will not be entertained, except questions of jurisdiction. Supreme Court Rule 20; Mitchell v. Allison, 54 N.M. 56, 213 P.2d 231; Sena v. Sanders, 54 N.M. 83, 214 P.2d 226.

· Finding no error, the judgment appealed from is affirmed.

It is so ordered.

CARMODY and MOISE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.