379 P.2d 441

**J. O. YATES, Claimant, Plaintiff-Appellant,**

**v.**

**Robert L. MATTHEWS, Employer, and Zurich Insurance Company, Insurer, Defendants-Appellees.**

**No. 7116.**

Supreme Court of New Mexico.

March 1, 1963.

Harris & Cathey, Roswell, for appellant.

Frazier & Cusack, Roswell, for appellees.

MOISE, Justice.

Appellant's brief presents the single question of whether or not the trial court's finding of fact to the effect that appellant's disability was not caused by accidental injury in the course of employment is supported by substantial evidence.

Appellant claims disability resulting from myocardial infarction suffered while on the job as an employee of appellee. Two doctors of osteopathy who saw appellant soon after the accident, and a doctor of medicine who subsequently treated him, testified that although appellant was suffering from arteriosclerosis, in their opinion the myocardial infarction was in the nature of an accident arising out of the employment, and that, in their opinion, there was a causal connection as a medical probability between the work being performed and the infarction or accident. On the other hand, a doctor of medicine produced by appellee testified to the contrary and expressed the opinion that there was no causal connection.

The court found that appellant's disability did not result from an accident arising out of and in the course of his employment, and specifically, that the work being done by appellant at the time of the attack "did not cause, contribute to, hasten, aggravate or precipitate the myocardial infarction" from which he is suffering, and accordingly denied recovery.

As we see the problem presented by this appeal, it is simply, does the appellee's evidence, in the nature of an expert's opinion that there is no causal connection, as a medical probability, between the myocardial infarction suffered by appellant while at work on the job, and the duties being performed, meet the tests of substantial evidence so as to require affirmance in the court under our long established rules of review. See Budagher v. Loe, 70 N.M. 32, 369 P.2d 485; Peugh v. Clegg, 68 N.M. 355, 362 P.2d 510; Parks v. McIntosh, 68 N.M. 324, 361 P.2d 949; Brown v. Martinez, 68 N.M. 271, 361 P.2d 152.

The only differences between this case and those cited, supra, lie in the fact that this is a workmen's compensation case and those are not, and here the discrepancies in the evidence are between opinions expressed by experts, whereas those were not.

It is clear that in workmen's compensation cases, as in other appeals, where substantial evidence is present to support a finding, we will not disturb the same on appeal. See Ruiz v. Hedges, 69 N.M. 75, 364 P.2d 136; New Mexico State Highway Deparment v. Bible, 38 N.M. 372, 34 P.2d 295.

Although possibly not equally clear, we are satisfied that the same rule applies where the conflict in the evidence is between opinions of experts. We so held, in effect, in Christensen v. Dysart, 42 N.M. 107, 76 P.2d 1. Our holding in Los Alamos Medical

Center v. Coe, 58 N.M. 686, 275 P.2d 175, 50 A.L.R.2d 1033, although not a workmen's compensation case is to the same effect. See, also, Larson, Workmen's Compensation Law, § 80.20.

While there was some question present prior to the enactment of § 7, Ch. 67, N.M. S.L.1959 (§ 59–10–13.3, N.M.S.A.1953) as to the need of medical testimony tying a given disability to an accident as a medical probability (See Teal v. Potash Company of America, 60 N.M. 409, 292 P.2d 99; White v. Valley Land Company, 64 N.M. 9, 322 P. 2d 707), we are convinced that by this enactment the legislature intended to remove any uncertainty. The enactment in question which did not appear in the law previously, reads:

"B. In all cases where the defendants deny that an alleged disability is a natural and direct result of the accident, the workman must establish that causal connection as a medical probability by expert medical testimony. No award of compensation shall be based on speculation or on expert testimony that as a medical possibility the causal connection exists."

■ The language of the statute is clear and unambiguous in its requirement that medical testimony be produced to establish causal connection between an accident and disability. The requirement is not that this be established by direct and uncontroverted evidence, but as a medical probability. This would seem to envisage opinion evidence of a medical expert. In other words, where causal connection is denied by an employer, in order to prevail, it is now encumbent upon a claimant to present one or more qualified medical experts to testify that in his or their opinion there is a causal connection as a medical probability as opposed to possibility. Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824.

■ The argument advanced by appellant that the opinion of appellee's expert being premised in part on statistics is accordingly not substantial but based upon surmise and speculation, is not correct. The expert stated the basis for his opinion, and the trial judge evidently was convinced thereby. This is not surmise or speculation, and is all that was required. Salazar v. County of Bernalillo, 69 N.M. 464, 368 P.2d 141; Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000; Elsea v. Broome Furniture Co. Inc., 47 N.M. 356, 143 P.2d 572. Alspaugh v. Mountain States Casualty Co., 66 N.M. 126, 343 P.2d 697, is of no assistance to appellant, there being a total absence of proof of causal connection either by medical expert or otherwise in that case.

It must follow that, where a conflict arises in the proof, with one or more experts expressing an opinion one way, and others expressing a diametrically contrary opinion, the trier of the facts must resolve

the disagreement and determine what the true facts are. Los Alamos Medical Center v. Coe, supra. This the trial judge has done in the instant case. It does not lie with us to say that under the circumstances of the instant case, involving a question upon which the outstanding experts in the field are not in agreement, his findings are not supported by substantial evidence.

It follows from what has been said that the judgment appealed from should be affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.