400 P.2d 471

Harvey L. HOLMAN, Plaintiff-Appellee,

v.

**ORIENTAL REFINERY, Oriental Blue Streak, and London Guarantee and Accident Company, Defendants-Appellants.**

**No. 7537.**

Supreme Court of New Mexico.

March 22, 1965.

Keleher & McLeod, Russell Moore, Albuquerque, for appellants.

Sheehan & Duhigg, Albuquerque, for appellee.

MOISE, Justice.

Appellants, employer and insurer, hereinafter collectively called "employer" present three points relied on for reversal of a judgment granting recovery to appellee-employee based on 30% disability under the New Mexico Occupational Disease Disablement Law (§§ 59–11–1 to 59–11–42, N.M.S.A.1953). They are:

1. That the act is sui generis, and that the rules of civil procedure are not applicable to actions brought thereunder. The specific question has to do with whether Rule 15(c) (§ 21–1–1(15) (c) N.M.S.A. 1953), dealing with relation back of amended pleadings, is applicable.

2. That the first amended complaint was not verified and was accordingly fatally defective.

3. That an employee is not entitled to recover under the act if, after being incapacitated by the occupational disease he earns or is able to earn as much or more than he did before.

The court found that the employee worked as a gasoline station attendant for employer; that during November, 1961 employee first became aware of swelling and itching of his arms and body, severe headaches, nausea, and lack of appetite. The condition resulted from an allergy to gasoline containing lead and its poisonous compounds, and was first diagnosed as such by a doctor on January 9, 1962. The doctor recommended that employee get a different job. A letter from the doctor to this effect was shown to employee's superior some time before January 28, 1962, on which date the employment was terminated. On March 2, 1962, what was denominated a "Workmen's Compensation Complaint" was filed in district court. In November, 1962, pursuant to motion theretofore filed, permission to file an amended complaint was granted, and employee's first amended complaint stating a claim under the New Mexico Occupational Disease Disablement Laws was filed. At the time of trial employee was receiving more pay in his new job than he received when he worked for employer. Employee was determined to be 30% disabled, and was awarded compensation accordingly.

Section 59–11–30, N.M.S.A.1953, provides that compensation under the act is barred unless written claim is filed with the court within 90 days after the beginning of the disablement where the same results from poisoning by benzol or its poisonous derivatives. The employee first became aware that his difficulties resulted from an allergy on January 9, 1962. The first claim under the Occupational Disease Disablement Law was filed November 16, 1962. While asserting that the employee knew of his condition and its cause in November, 1961, and that the 90-day limitation period should be computed from then, employer argues that even when the date of January 9, 1962 is used, the claim was still barred because not filed until November 16, 1962. Its position is correct if the amended complaint in which the claim under the Occupational Disease Disablement Act was first asserted is not an amendment which could be related back to March 2, 1962, when the "Workmen's Compensation Claim" was filed.

That workmen's compensation statutes are sui generis, and that the rules of procedure in civil actions are not applicable except as specifically provided therein, has been long recognized by us. Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000; Hudson v. Herschbach Drilling Co., 46 N.M. 330, 128 P.2d 1044. Also, as was noted in Guthrie v. Threlkeld Co., 52 N.M.

93, 192 P.2d 307, "special statutory * * * proceedings where existing rules are inconsistent * * *" are specifically excepted from the operation of our rules of civil procedure. (§ 21–1–1(1), N.M.S.A.1953) In Armijo v. United States Casualty Company, 67 N.M. 470, 357 P.2d 57, we held the summary judgment procedure of our rules inapplicable. Prior to amendment of our workmen's compensation statute in 1959 (§ 59–10–13.9, N.M.S.A.1953) there was no provision in the workmen's compensation law for application of any of the rules of civil procedure. Since the effective date of § 59–10–13.9, supra, a different situation exists. Now the rules of civil procedure apply " * * * except where provisions of the Workmen's Compensation Act directly conflict with these rules * * *."

■ We find in § 59–11–16, N.M.S.A. 1953, a sentence reading: "Except as otherwise provided herein the procedure in such causes [Occupational Disease Disablement cases] shall as nearly as possible follow the procedure in civil cases." In our view, this language is comparable to § 59–10–13.9, supra, of our present workmen's compensation law and under the rules noted above requires application of the rules of civil procedure in cases arising under the Occupational Disease Disablement Law unless not reasonable to do so. We perceive of no reason why it is not possible to apply § 21–1–1(15) (c), supra.

■ That the requirement that a written claim be filed within 90 days is mandatory, we do not doubt. Compare Reed v. Fish Engineering Corp., 74 N.M. 45, 390 P.2d 283. Unless we can say that the filing of the "workmen's compensation claim" on March 2, 1962, may be considered as the "written claim" required by § 59–11–30, supra, or the amendment related back to that date, the claim would be forever barred. An examination of the complaint discloses that it sought judgment for total and permanent disability and medical bills because of alleged accidental injury resulting from breathing gasoline fumes in the course of and incident to employee's employment as a station manager by employer. In the first amended complaint employee sought compensation for total and permanent disability under the provision of the Occupational Disease Disablement Law for an occupational disease suffered in the course of his employment as a general station manager of a gasoline station of the employer on or about January 9, 1962, and prior thereto.

■■ In our view, the claim filed March 2, 1962 was sufficient compliance with § 59–11–30, supra. This is particularly true in the light of the provision of § 59–11–16, supra, to the effect that " * * * the claim shall be informal in character and shall set forth sufficient facts for the determination of the same, and if defective in any

particular may be corrected by the court or by the claimant at any time before or during a hearing thereof."

All that is required by § 59–11–30, supra, is the timely filing of a complaint. As noted, § 59–11–16, supra, provides that this may be done informally, but so long as facts are pleaded from which the employee's rights may be determined, defects may be corrected. An amended claim may relate back to the date of the original claim if such amended claim arose out of the same conduct, transaction, or occurrence as the claim set forth in the original complaint. If it did, it will be related back to the date of the filing of the original complaint. § 21–1–1(15) (c), supra; Carney v. McGinnis, 68 N.M. 68, 358 P.2d 694; Wiren v. Paramount Pictures, (1953) 92 U.S.App.D.C. 347, 206 F.2d 465.

When these sections are considered along with Rule 15(a) (§ 21–1–1(15) (a), N.M.S.A.1953) providing for freely granting of leave to amend when justice requires, we readily conclude that to hold otherwise would be a departure from the liberal spirit of our rules applicable generally in civil cases (Peoples v. Peoples, 72 N.M. 64, 380 P.2d 513) and would result in the application of a strict rule in connection with this highly favored and salutary type of proceeding. This we decline to do. Lipe v. Bradbury, supra. See, 2 Larson, Workmen's Compensation, § 78.10; Davis v. Merck & Co., 166 Pa.Super. 429, 71 A.2d 818.

In addition to the foregoing, the decisions support generally, the following rule which we quote from Wiren v. Paramount Pictures, supra:

"Rule 15(c), Fed.Rules Civ.Proc., 28 U.S.C.A., provides, however, that when a claim asserted in an amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading the amendment relates back to the date of the original pleading. This rule has been discussed in a number of cases. In L. E. Whitham Const. Co. v. Remer, 10 Cir., 1939, 105 F.2d 371, 375–376, it is held, 'the rule is not applicable where the amendment introduces a different and additional claim or cause of action.' In Barthel v. Stamm, 5 Cir., 1944, 145 F.2d 487, certiorari denied, 1945, 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430, in ruling that the amendment related back, the court pointed out in detail how the writings pleaded in the amendment had to do with the same claim set forth in the original pleading. In Murfkan v. Kahn, D.C.S.D.Fla.1951, 11 F.R.D. 520, 522, it is said that though Rule 15(c) does not use the phrase 'new cause of action', the principle still prevails that an amendment will not be allowed if it introduces a new cause of action

which as an independent proceeding would be barred by the statute of limitations. In Boerkoel v. Hayes Mfg. Corp., D.C.W.D.Mich.1948, 76 F.Supp. 771, the guiding principle, turning upon whether or not a new cause of action is stated, is reaffirmed, but it is also pointed out that if the amendment merely explains, expands or amplifies what was alleged in support of the cause of action already asserted it does relate back. In Brown v. New York Life Ins. Co., D.C.D.N.J.1940, 32 F. Supp. 443, 444, it is said that the rule that an amendment will not be allowed if it introduces a new cause of action has not been changed by Rule 15(c), but that an amendment will not as a rule be held to state a new cause of action if the facts alleged show substantially the same wrong or if the gist of the action or subject matter or controversy remains the same though the form of liability asserted or the alleged incidents of the transaction may be different. ' "Technical rules will not be applied in determining whether the cause of actions stated in the original and amended pleadings are identical, since in a strict sense almost any amendment may be said to change the original cause of action." ' In White v. Holland Furnace Co., D.C.S.D.Ohio 1939, 31 F.Supp. 32, 34, the court said the decisions since the new rules have

not changed the general rule but the meaning of the term 'cause of action' has been liberalized. 'The emphasis of the courts has been shifted from a theory of law as the cause of action, to the specified conduct of the defendant upon which the plaintiff tries to enforce his claim.' See, also, Hartmann v. Time, Inc., D.C.E.D.Pa.1946, 64 F. Supp. 671, vacated in part, 3 Cir., 1947, 166 F.2d 127, 1 A.L.R.2d 370, certiorari denied, 1948, 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763."

It follows that employer's first point is without merit.

■ Employer's argument on its second point is also based upon a strict application of the statute. The objection here is to the failure of the employee to verify the complaint. Section 59–11–16, supra, provides that the right to compensation may be enforced by filing in court "a claim which shall be signed and sworn to by the claimant or someone on his behalf * * *." Neither the original nor the amended complaint was sworn to by claimant or anyone in his behalf. However, it appears that the point here advanced was not presented to the district court. It has been the rule in New Mexico, long antedating our liberalized rules of civil procedure that, by answering a complaint, irregularities such as failure to sign or verify the complaint, not previously raised, are waived. See

Genest v. Las Vegas Masonic Building Association, 11 N.M. 251, 67 P. 743. See also, Tuggle v. Johnson, 190 Kan. 386, 375 P.2d 622; Krieger v. Marshall (Okl.1956) 292 P.2d 379.

In the instant case, the objection is made for the first time on appeal. It is not a jurisdictional matter. That it comes too late under such circumstances cannot be doubted. Supreme Court Rule 20(1) (§ 21–2–1(20) (1), N.M.S.A.1953). Entertainment Corporation of America v. Halberg, 69 N.M. 104, 364 P.2d 358; Shelley v. Norris, 73 N.M. 148, 386 P.2d 243. Reed v. Fish Engineering Corporation, supra, relied on by employer is not controlling.

Under its third point employer asserts that the court erred in adjudging the employee partially disabled in view of its finding that he was receiving a higher rate of pay at the time of trial than he was receiving before he was afflicted with the occupational disease.

The applicable section of the statute is § 59–11–4(a), N.M.S.A.1953, where "disablement" is defined thus:

"'Disablement' means total physical incapacity by reason of an occupational disease as defined in this act to perform any work for remuneration or profit in the pursuit in which he was engaged * * *."

It is employer's position that the employee was an unskilled laborer, both before and after his employment by employer, and was employed as such by it. Further, that "the pursuit in which he was engaged" was that of a laborer, and that since he is earning more now as a laborer in his capacity as a car inspector than he did while working as a laborer in a filling station, there is no "disablement." We do not agree.

In Webster's Third New International Dictionary we find "pursuit" defined as "an activity that one pursues or engages in seriously and continually or frequently as a vocation or profession or as an avocation. * * *"

"Pursuit" has also been held to be synonymous with "occupation." Thompson v. Wiseman, 189 Ark. 852, 75 S.W.2d 393; Dorrell v. Norida Land & Timber Co., 53 Idaho 793, 27 P.2d 960

It is difficult to consider "labor" either as a vocation or occupation. However, being a gasoline filling station attendant or operator may be so considered. We are satisfied that when the employee was disabled from working as a filling station operator because of the occupational disease, he was disabled from following "the pursuit in which he was engaged" and that the court did not err in so ruling. That he is still able to work in other fields does not alter this situation.

To our minds the quoted language of § 59–11–4(a), supra, is much more definite

and specific than is the parallel provision of our workmen's compensation law and does not necessarily require the same interpretation. See § 59–10–18, N.M.S.A.1953 (Repealed, Ch. 67, § 32, N.M.S.L.1959) and §§ 59–10–18.2 and 18.3, N.M.S.A.1953.

Nothing in the noted sections, either before or since the amendment in 1959, can be considered as support for a conclusion different from that reached herein. Nor are any New Mexico cases inconsistent with such a result. See Lipe v. Bradbury, supra, and Rhodes v. Cottle Construction Co., 68 N.M. 18, 357 P.2d 672.

The rules applicable under statutes similar to our § 59–11–4(a), supra, are discussed by Larson in his work on Workmen's Compensation, at §§ 57.22 and 57.53. We are impressed that our statute is comparable to those in Louisiana, Michigan and North Carolina, discussed by Larson in § 57.53. See Goebel v. Railway Express Agency, (D.C.E.D.La.1950) 93 F.Supp. 56; Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695; Allen v. National Twist Drill & Tool Co., 324 Mich. 660, 37 N.W.2d

664; Honeycott v. Carolina Asbestos Co., 235 N.C. 471, 70 S.E.2d 426.

Having disposed of the points raised by the employer in its appeal adverse to its contentions, we must consider employee's motion under Supreme Court Rule 17(3) (§ 21–2–1(17) (3), N.M.S.A.1953) which authorizes damages where a case is affirmed and it appears that the appeal was taken merely for purposes of delay. Although we have found the appeal to lack merit, it does not follow that it was not taken in good faith. To the contrary, in our view, the questions presented were real and substantial. See Rogers v. Garde, 33 N.M. 245, 264 P. 951. The motion is overruled.

Employee has also filed a motion seeking attorney fees for handling this appeal. The motion is granted and $750.00 is fixed as a reasonable attorney fee.

The judgment is affirmed and attorney fees in the amount of $750.00 awarded.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.