417 P.2d 435

Cruz TORRES, Sr., Plaintiff-Appellant,

v.

KENNECOTT COPPER CORPORATION, Defendant-Appellee.

No. 7854.

Supreme Court of New Mexico.

Aug. 22, 1966.

Sanchez & Thomson, Santa Fe, for appellant.

Shantz & Dickson, Silver City, for appellee.

## OPINION

NOBLE, Justice.

Cruz Torres, Sr. (hereafter termed Torres), an employee of Kennecott Copper Corporation (hereafter termed Kennecott), has appealed from a judgment denying his claim for workmen's compensation benefits.

Torres argues that he submitted medical testimony establishing a causal connection as a medical probability between his disabil-

ity and the accidental injury, and that consequently finding of fact no. 8, reading:

"8. That plaintiff has failed to prove by expert medical testimony as a medical probability that there is a causal connection between such present disability as he may have and the accident of April 19, 1963[,]"

and conclusions of law 2 and 3, reading:

"2. Defendant having denied that plaintiff's alleged injury is a natural and direct result of the accident, the burden of proving that causal connection as a medical probability by expert medical testimony was on the plaintiff.

"3. That plaintiff has failed to establish the existence of a compensable claim under the Act[,]"

are erroneous as a matter of law and require a reversal of the judgment. We cannot agree.

 The argument springs from a misunderstanding of the requirement of § 59–10–13.3, N.M.S.A.1953, which imposes the burden upon the claimant to establish a causal connection between the disability and the accident as a medical probability by expert medical testimony, when, as in this case, the defendant has denied that the disability is a natural and direct result of the accident. See Yates v. Matthews, 71 N.M. 451, 379 P.2d 441. Torres is obviously mistaken in his belief that he has satisfied the burden imposed upon him by § 59–

10–13.3(B), N.M.S.A.1953, by the mere production of one or more experts who so testify, there being other expert testimony expressing a contrary opinion. If the expert testimony is conflicting, it must be such as to convince the trial court of such causal connection as a medical probability. It is true that there was testimony of medical experts, that the disability they found resulted naturally and directly from the accident as a medical probability. The opinion of those experts was based partly, at least, upon the history given to them by the claimant. There was also testimony of a medical expert expressing a contrary opinion. The trial court was evidently convinced by the latter testimony, and we think it was substantial in support of the finding made by the lower court. It was said in Yates v. Matthews, supra:

"It must follow that, where a conflict arises in the proof, with one or more experts expressing an opinion one way, and others expressing a diametrically contrary opinion, the trier of the facts must resolve the disagreement and determine what the true facts are. * * *"

 This court will not disturb a finding of fact on appeal which is supported by substantial evidence. Stuckey v. Furr Food Cafeteria, 72 N.M. 15, 380 P.2d 172; Yates v. Matthews, supra. The challenged finding, supported by the opinion of a medical expert, is not erroneous as a matter of law because the opinion expressed by one or

more medical experts would have supported a contrary finding.

Where there has been a failure to establish the causal connection required by statute, there can be no recovery in workmen's compensation. It accordingly becomes unnecessary to consider whether or not the language of finding no. 7 is conflicting, nor is it necessary to consider other questions argued.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

MOISE, J., and LaFEL E. OMAN, J., Ct.App., concur.