446 P.2d 642

**Filadelfio GALLEGOS, Plaintiff-Appellant,**

**v.**

**Kirby K. KENNEDY, d/b/a Capitol Auto Supply Co. and Mountain States Mutual Casualty Co., Defendants-Appellees.**

**No. 8694.**

Supreme Court of New Mexico.

Nov. 4, 1968.

Frank Bachicha, Jr., Santa Fe, for plaintiff-appellant.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for defendants-appellees.

## OPINION

NOBLE, Justice.

Filadelfio Gallegos has appealed from a judgment, following a trial on the merits,

dismissing his claim for workmen's compensation.

Gallegos claimed an injury to his back resulting from the unloading of cement blocks from a truck. The court found that plaintiff was regularly employed by Kirby K. Kennedy as a farm or ranch laborer. In addition to operating the farm, Kennedy owned and operated a business known as Capitol Auto Supply Company in Santa Fe. It is not disputed that on the day of the claimed injury, Gallegos and Kennedy drove a truck to Albuquerque and brought back lumber and cement blocks to be used in the Auto Supply business. It was while unloading these blocks that plaintiff claims to have received the back injury.

█ Where, as in this case, the defendants deny that plaintiff's alleged disability was the natural and direct result of an accident, the workman must prove the causal connection as a medical probability by expert medical testimony. Sec. 59–10–13.3 (B), N.M.S.A.1953. Failure to establish such causal connection prevents recovery. Torres v. Kennecott Copper Corp., 76 N.M. 623, 417 P.2d 435. The trial court's finding that no causal connection was established is challenged as being unsupported by the evidence. That claim is based upon the testimony of Dr. Peterson which plaintiff asserts clearly establishes his alleged disability as a result of the accident.

█ The plaintiff's argument in this case springs from the same misunderstanding of the requirement of § 59–10–13.3, supra, as was discussed in Torres v. Kennecott Copper Corp., supra, where we said that the mere production of one or more experts who testify to the causal connection does not satisfy the burden imposed upon the workman by the statute if there is other expert testimony expressing a contrary opinion. Where such conflict in the proof arises, the trier of the facts must resolve the disagreement and determine the true facts. Yates v. Matthews, 71 N.M. 451, 379 P.2d 441; Torres v. Kennecott Copper Corp., supra.

█ Our review of the record discloses that Dr. Miller testified he thought plaintiff had had the back condition all of his life; that there were considerable arthritic changes around it; that he found no evidence of a traumatic episode causing the alleged disability; and that in his opinion the work of unloading the blocks did not aggravate the back condition. The challenged finding is thus supported by substantial evidence. We will not disturb a finding which is so supported. Romero v. Zia Co., 76 N.M. 686, 417 P.2d 881. Torres v. Kennecott Copper Corp., supra, is controlling and prevents recovery of workmen's compensation benefits.

██ In addition, by other findings not challenged, the court found that the claimant is able to perform the usual tasks of the work for which he is fitted by age, education, training, general physical and mental capacity, and previous work experience. Unchallenged findings are the facts upon which the case rests on appeal and are binding on this court. Baca v. Gutierrez, 77 N.M. 428, 423 P.2d 617; Cooper v. Bank of New Mexico, 77 N.M. 398, 423 P.2d 431. See also Grisham v. Nelms, 71 N.M. 37, 376 P.2d 1. Compensation benefits are not based on the physical injury itself but on the disability produced by the injury, Lozano v. Archer, 71 N.M. 175, 376 P.2d 963, and a claim for workmen's compensation is properly denied where there is a failure to establish that the claimant's wage-earning ability had been decreased as a result of the alleged accidental injury. Secs. 59–10–12.18, 59–10–12.19, N.M.S.A. 1953 (Supp. 1967); Salazar v. Lavaland Heights Block Co., 75 N.M. 211, 402 P.2d 948, 953.

It thus becomes unnecessary to consider other questions argued.

It follows that the judgment appealed from must be affirmed.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.