*456 P.2d 892*

**H. C. CORZINE, Plaintiff-Appellee,**

**v.**

**SEARS, ROEBUCK AND COMPANY, a corporation, Defendant-Appellant.**

**No. 270.**

Court of Appeals of New Mexico.

June 6, 1969.

Certiorari Denied July 8, 1969.

R. D. Mann, John W. Bassett, Atwood & Malone, Roswell, for appellant.

Sam Laughlin, Jr., Roswell, for appellee.

## OPINION

SPIESS, Chief Judge.

Sears, Roebuck & Company appeals from a judgment awarding workmen's compensation benefits to the plaintiff, H. C. Corzine. Plaintiff asserts that he sustained compensable injuries as a result of engaging in a fight with a fellow employee.

The occurrence of the fight, its relation to employment, together with injuries claimed to have been sustained by plaintiff as a result of the fight, were the subject of findings by the trial court. With respect to causation the following finding was made:

"12. That in said fight, * * * inflicted injuries upon Plaintiff which caused his temporary total disability for a period of ten weeks, and since said period of temporary total disability, the Plaintiff has suffered a partial disability to his body as a whole to the extent of ten percent."

While Sears has challenged the judgment on several grounds, its attack upon Finding 12, in our opinion, is dispositive of this appeal and upon this issue we reverse the judgment. Sears' contention is that the quoted finding is not supported by substantial evidence for the reason that causal connection between the accident (altercation) and disability, an issue in the case, was not established by expert testimony as required by § 59–10–13.3, subd. B, N.M.S.A. 1953, which reads:

"B. In all cases where the defendants deny that an alleged disability is a natural and direct result of the accident, the workman must establish that causal connection as a medical probability by expert medical testimony. No award of compensation shall be based on speculation or on expert testimony that as a medical possibility the causal connection exists."

Since adoption, this statute has been construed and applied by the Supreme Court in a number of cases. In Yates v. Matthews, 71 N.M. 451, 379 P.2d 441 (1963), the court, in construing the statute, said:

"The language of the statute [§ 59–10–13.3 B] is clear and unambiguous in its requirement that medical testimony be produced to establish causal connection between an accident and disability. The requirement is not that this be established by direct and uncontroverted evidence, but as a medical probability. This would seem to envisage opinion evidence of a medical expert. In other words, where causal connection is denied by an employer, in order to prevail, it is now encumbent upon a claimant to present one or more qualified medical experts to testify that in his or their opinion there is a causal connection as a medical probability as opposed to possibility. [citation omitted]."

The effect accorded the statute in *Yates* has since been adhered to. See Gallegos v. Kennedy, 79 N.M. 590, 446 P.2d 642 (1968); Romero v. Zia Company, 76 N.M. 686, 417 P.2d 881 (1966); Torres v. Kennecott Copper Corp., 76 N.M. 623, 417 P. 2d 435 (1966).

■ The question involves simply whether the evidence consisting of the expert medical opinion supports the challenged finding. We are guided by the rule that the evidence and inferences that may reasonably be drawn therefrom, must be viewed in the light most favorable to support the finding. Gammon v. Ebasco Corporation, 74 N.M. 789, 399 P.2d 279 (1965); Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824 (1962); Lopez v. Schultz & Lindsay Construction Company, (Ct.App.1968), cert. denied 79 N.M. 448, 444 P.2d 775 (1968).

In reference to the required medical testimony the Supreme Court, in *Gammon*, said:

"* * * the medical expert need not state his opinion in positive, dogmatic language or in the exact language of the statute. But he must testify in language the sense of which reasonably connotes precisely what the statute categorically requires."

The evidence significant to this issue will be summarized.

Plaintiff's doctor was the only medical expert whose testimony was presented in the case. He testified that he had been plaintiff's family doctor since 1958; that on December 14, 1966, (the date on which the fight occurred) he treated plaintiff at the hospital. Plaintiff's condition at the time was described in the following manner: "He had three wounds of his scalp, which penetrated to the skull. Two were severe. He had bruises on his left shoulder and left forearm."

The doctor further testified that plaintiff complained of pain in his shoulder, that he had not so complained at times when the doctor had treated him prior to December 14th. With respect to this pain the doctor testified that he had diagnosed it as traumatic bursitis, which he said was painful, restricted movement and the ability to work when use of the arm is required.

Plaintiff refers us to the following testimony on both direct and cross-examination.

"Q. Did he give you a history of how these scalp wounds were inflicted?

A. Yes, he stated that he had been struck over the head with a fireplace stand, I believe, according to my recollection. Some part of a fireplace set."

* * * * * *

"Q. Doctor, when Mr. Corzine was giving you a history of the circumstances that caused the injury, did he tell you in detail what happened? Did he not tell you that he had gotten mad about a sale that another fellow had made, and that the other fellow got mad at him, and they had gotten into an altercation?

A. He said the man had gotten mad at him about some sale that the other man had made.

Q. And, he got mad and got into an altercation.

A. He said the man struck him, or something, after a few words, and that he had struck the other man.

Q. I see. Did he not tell you he had gotten mad and the other fellow had gotten mad too, both of them?

A. I don't remember him saying that.

Q. And, you didn't tell me that?

A. I don't remember saying that he got very angry at the other man, before the fight started."

The only testimony in the record which purports to establish causal connection between the alleged accident and claimed disabilities and called to our attention consists of statements attributed to plaintiff himself. Causal connection as a medical probability as between the accident (altercation) and the disability was not established by expert medical opinion either inferentially or otherwise. The expert was not asked nor did he express any opinion upon the subject of causal connection.

From our view of the expert medical testimony, it cannot be said that the essential proof of causation as a medical probability was presented. We appreciate that the Workmen's Compensation Act is to be construed liberally, Lopez v. Schultz & Lindsay Construction Company, supra; Gammon v. Ebasco Corporation, supra, still we cannot, under the guise of liberal interpretation, ignore the plain meaning of a statute, nor relax its requirements. See Kosmicki v. Aspen Drilling Company, 76 N.M. 234, 414 P.2d 214 (1966); Geeslin v. Goodno, Inc., 75 N.M. 174, 402 P.2d 156 (1965).

In view of the foregoing the judgment is reversed, the cause remanded to the district court with directions to set aside its judgment and dismiss the complaint.

It is so ordered.

WOOD, J. (specially concurring).

OMAN, J. (concurring in opinion of Chief Judge SPIESS and concurring in part with specially concurring opinion of Judge WOOD.)

WOOD, Judge (specially concurring).

I agree with the result reached, but on different grounds. In my opinion the doctor's evidence is sufficient to meet the test of causation. I would reverse because the claim for compensation was not filed within the time provided by § 59–10–13.6, N.M.S.A. 1953 (Repl.Vol. 9, pt. 1).

*Medical testimony.*

The doctor said that plaintiff had a traumatic bursitis in his shoulder. Trauma is an injury caused by external force or violence. See Webster's Third New International Dictionary. Thus, the question is whether the fight was the trauma which caused the bursitis. The doctor, plaintiff's personal physician, testified that plaintiff had never complained to the doctor about his shoulder prior to the fight. He testified that plaintiff came to him, told him of the fight, exhibited bruises on the shoulder involved and complained of shoulder pain.

Gammon v. Ebasco Corp., supra, states the doctor "* * * must testify in language the sense of which reasonably connotes precisely what the statute categorically requires * * *." The sense of the above testimony "connotes" that the shoulder condition was caused by the fight. This connotation is reasonable since the only trauma referred to in the record is the fight. Compare Gammon v. Ebasco Corp., supra. I would affirm the trial court's finding as to causation.

*Limitation for bringing the action.*

Plaintiff did not file a claim for workmen's compensation within the time pro-

vided by § 59–10–13.6, supra. However, within that period, he filed a suit which sought: (1) damages on the theory defendant was negligent in retaining in its employment the person with whom plaintiff fought and (2) severance pay on the theory defendant wrongfully discharged him. After the time provided by § 59–10–13.6, supra, had passed, plaintiff amended his complaint by adding an additional count. This additional count, for the first time, asserted a claim for workmen's compensation.

The trial court held that. the amended complaint, asserting the compensation claim, related back to the date the original complaint was filed. If "relation back" applies, the compensation claim was timely filed.

Rule of Civil Procedure 15(c) provides an amendment may relate back to the date of the original pleading when the claim asserted in the amended pleading "* * * arose out of the conduct, transaction, or occurrence * * * set forth in the original pleading * * *." Section 21–1–1 (15) (c), N.M.S.A. 1953. Here the claim set forth in the amended pleading arose out of the occurrence set forth in the original pleading; the "occurrence" was the fight. Under Rule 15(c) the amended complaint, setting forth the workmen's compensation claim, could be related back to the filing of the original complaint.

Section 59–10–13.9, N.M.S.A. 1953 (Repl. Vol. 9, pt. 1) provides in part:

"The rules of civil procedure * * * shall apply to all claims, * * * under the Workmen's Compensation Act [59–10–1 to 59–10–37] except where provisions of the Workmen's Compensation Act directly conflict with these rules, in which case the provisions of Workmen's Compensation Act shall govern. * * *"

There is a direct conflict between the "relation back" authorized by Rule 15(c) and the provisions of the Workmen's Compensation Act. Section 59–10–13.6, supra,

requires the workman to file a · claim "* * * for the payment of compensation * * *" not later than one. year after the failure or refusal to pay compensation. If the claim is not filed within this period the "* * * right to the recovery of compensation * * *" is barred. Because of this direct conflict, Rule 15(c) does not apply. The limitation period of § 59–10–13.6, supra, governs and plaintiff's claim for compensation is barred.

Plaintiff asserts that this result conflicts with Holman v. Oriental Refinery, 75 N.M. 52, 400 P.2d 471 (1965). This is not necessarily so. In *Holman* a claim for workmen's compensation was amended to assert a claim for compensation for an occupational disease. The opinion states that the original claim for workmen's compensation was sufficient to state a claim for an occupational disease. Under this view no "relation back" is employed. Under this view *Holman* is not applicable to this case. The original claim based on negligence in retaining an employee and based on wrongful discharge of plaintiff is not sufficient to state a claim for workmen's compensation.

*Holman* did, however, discuss the doctrine of relation back in connection with occupational disease claims. Such claims are informal and "* * * so long as facts are pleaded from which the employee's rights may be determined, defects may be corrected * * *." In such a situation, "relation back" may be applied to correct such defects. See § 59–11–16, N.M. S.A. 1953 (Repl.Vol. 9, pt. 1). If this is the meaning of "relation back" in *Holman* it is not applicable because here, no compensation claim had been previously asserted and therefore there are no defects to be corrected in such a claim.

Plaintiff, however, asserts that under *Holman* a barred compensation claim may be asserted, for the first time, in an amended complaint and related back to the filing of the complaint based on negligence. This argument is based on the fact that the com-

pensation claim arose out of the same occurrence (the fight) set forth in the original pleading. This reasoning applies Rule 15(c) and ignores the "direct conflict" provision of § 59–10–13.9, supra.

This contention extends the *Holman* decision far beyond the facts of that case. *Holman* did not involve a "direct conflict" situation; a claim for compensation had been asserted in the original complaint. Here we have a direct conflict. *Holman* is applicable to the facts of this case only if read to apply "relation back" in disregard of the limitation period set forth in § 59–10–13.6, supra. If so read, in my opinion the *Holman* decision would be wrong.

Accordingly, I would hold plaintiff's claim to be barred by § 59–10–13.6, supra.

OMAN, Judge (concurring in opinion of Chief Judge SPIESS and concurring in part with specially concurring opinion of Judge WOOD).

I concur in the opinion of Chief Judge SPIESS. I also agree with the specially concurring opinion of Judge WOOD, except for that portion thereof in which he disagrees with the opinion of Chief Judge SPIESS.