574 P.2d 283

Melvin J. MALONE, Petitioner,

v.

SWIFT FRESH MEATS COMPANY, Employer, and Globe Life Insurance Company, Insurer, Respondents.

No. 11688.

Supreme Court of New Mexico.

Feb. 2, 1978.

**360**

Branch & Coleman, Turner W. Branch, Stephen A. Slusher, Albuquerque, for petitioner.

Dan B. Buzzard, Clovis, for respondents.

## OPINION

EASLEY, Justice.

Melvin J. Malone, plaintiff-appellant (Malone), filed this workmen's compensation suit against defendants-appellees, Swift Fresh Meats Company, his employer, and Globe Life Insurance Company, the employer's insurer, (Swift, Globe or defendants). The trial court dismissed the complaint and the Court of Appeals affirmed. We reverse the decision of the Court of Appeals.

The issues are (1) whether a plaintiff's right to amend his workmen's compensation claim as a matter of course, where no responsive pleading has been filed, is waived when, after having already filed an amended claim, he later files a motion requesting the court to approve such filing; and (2) whether, in this case, the amended claim asserted sufficient facts to show that the claim related to the same transaction or occurrence alluded to in the original pleading, so that the amended claim could be considered to relate back in time to the filing date of the original pleading.

*Factual Background*

Malone has no reason to be pleased with the manner in which this case was handled in the trial court, considering the series of mistakes and seemingly unjustified delays (not caused by counsel).

The facts are rather complicated:

1. On February 12, 1976, Malone filed his original compensation claim in Curry County District Court for total disability for an injury to his hands which allegedly occurred in March of 1971 while he was working for Swift in Rochelle, Illinois. He claimed that Globe had paid medical expenses and weekly compensation from May 6, 1975 until June 6, 1975 and had thereafter refused to make any other payments. Thus the claim was filed approximately eight months after the alleged refusal to pay compensation.

2. Over three months later, on May 25, 1976, defendants filed a motion to dismiss, claiming that the court lacked jurisdiction because the injury was suffered in Illinois and that, since the injury allegedly occurred in 1971, the statute of limitations had run.

3. Over four months later, on October 7, 1976, a notice of hearing on the motion was filed indicating a hearing date of October 18, 1976. The record shows nothing further with regard to this proposed hearing.

4. On November 2, 1976, sixteen months after the alleged refusal to pay compensation, Malone filed his amended claim stating that on or about July 6, 1971, while employed by Swift in Clovis, New Mexico, he sustained an accidental injury; that, as a result of "this original accidental injury and the working conditions," his hands did not properly heal; that the injuries to his hands became progressively worse; that on April 7, 1975 "an accident occurred due to the deteriorated condition of his hands" in which four of his teeth were fractured and three were damaged; that on May 6, 1975, he was released from his employment due to doctor's orders because he had become permanently totally disabled. He alleged that medical expenses and weekly compensation had been paid from May 6, 1975 until June 6, 1975 and had been thereafter denied.

5. The next entry in the court file was dated December 6, 1976, consisting of a letter to the attorneys in which the court, without any answer having been filed or

any hearing having been held on the merits, announced its decision on the merits in favor of Malone. The letter was phrased in almost the exact language of the amended claim and held that Malone was totally disabled, was entitled to compensation, medical expenses and attorney's fees. The letter was thereafter treated as a nullity by the parties and the courts.

6. On December 14, 1976, defendants filed a motion to dismiss claiming the statute of limitations as to workmen's compensation claims had run and that the cause of action alleged in Malone's amended claim did not arise from the same transaction as set forth in the original pleading, and that therefore the amended pleading could not relate back.

7. On January 12, 1977, a notice of hearing was filed setting January 31, 1977, as the date on which the motion would be heard.

8. On January 27, 1977, approximately three months after Malone's first amended claim had been filed, Malone's attorney filed a motion asking that leave be granted for him "to amend and submit a First Amended Claim for Workmen's Compensation."

9. On February 8, 1977, just short of a year after the original claim was filed, a new trial judge was serving and an order was entered denying the motion and dismissing the cause with prejudice. Just prior to that date the new judge had written the attorneys stating that the amended claim introduced a new cause of action, "which as an independent proceeding, would be barred by the statutes of limitation."

*Court of Appeals Decision*

The Court of Appeals in a Memorandum Opinion held that Malone had a right to amend as a matter of course up until some responsive pleading had been served. N.M. R.Civ.P. 15(a) [§ 21–1–1(15)(a), N.M.S.A. 1953 (Repl.1970)]. That court, however, held that the error of the trial court in not permitting the amendment was harmless because the trial court did in fact consider Malone's amended complaint on the merits. The Court of Appeals further ruled that the amended complaint constituted a new and independent claim and that for this reason could not be related back to the original pleading, there being two separate and distinct accidents alleged. The Court of Appeals then considered the original claim and ruled that it had been properly dismissed by the trial court on jurisdictional grounds.

*Malone's Motion to Amend*

Defendants had not filed a responsive pleading at the time Malone filed his amended claim. There was no necessity for obtaining the trial court's order granting leave to file this amended claim. *Platco Corporation v. Shaw,* 78 N.M. 36, 428 P.2d 10 (1967); *Buhler v. Marrujo,* 86 N.M. 399, 524 P.2d 1015 (Ct.App.1974); *see Martinez v. Research Park, Inc.,* 75 N.M. 672, 410 P.2d 200 (1965), *overruled on other grounds, Lakeview Invest., Inc. v. Alamogordo Lake Vil., Inc.,* 86 N.M. 151, 520 P.2d 1096 (1974). The motion was superfluous. The defendants' contention that, by filing the motion to amend, Malone waived his right to *amend as a matter of course,* is not well-taken. Malone was entitled to amend as a matter of right, and had filed his amended claim long before he filed a motion to obtain leave of court to amend. There was no waiver of this right. *Jacobson v. State Farm Mutual Automobile Ins. Co.,* 81 N.M. 600, 471 P.2d 170 (1970); *See Platco, supra; Martinez, supra.*

Cases such as *Peoples v. Peoples,* 72 N.M. 64, 380 P.2d 513 (1963), upon which defendants rely, are inapposite. *Peoples* held that once a judgment or a final order has been entered dismissing a complaint, the right to amend as of right under N.M.R. Civ.P. 15(a) terminates. The same is true under the federal counterpart of our Rule 15(a). *Kelly v. Delaware River Joint Commission,* 187 F.2d 93 (3d Cir. 1951), *Feddersen Motors v. Ward,* 180 F.2d 519 (10th Cir. 1950). It is the *entry* of judgment or of the final order which terminates the right, not the mere filing of the motion to amend or

the oral granting of the motion to dismiss. We approve of the language in, *e. g., Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 789 (9th Cir. 1963) which, in distinguishing *Kelly, supra*, and *Feddersen, supra*, stated:

A motion to dismiss is not a "responsive pleading" within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper, and a motion for leave to amend (though unnecessary) must be granted if filed.

*Breier* goes on to point out in a footnote at 789 that where, however, a final order or judgment is entered dismissing the action prior to answer, the right to amend as of right does terminate. Were this not true anyone could reopen such a dismissed case years after the dismissal by simply filing an "amended complaint." See discussion in *Feddersen, supra*.

### Introduction of New Cause of Action by Amendment

It was error on the part of the trial court to deny Malone's motion to amend and to dismiss the claim on the grounds that the amendment introduced a new cause of action. "A new cause of action may be alleged in an amended complaint, provided it is founded on facts not wholly foreign to the facts originally pleaded." *Newbold v. Florance*, 54 N.M. 296, 299, 222 P.2d 1085, 1087 (1950). This rule is applicable in workmen's compensation claims where the amendment is made before trial. *Holman v. Oriental Refinery*, 75 N.M. 52, 400 P.2d 471 (1965); *Hudson v. Herschbach Drilling Co.*, 46 N.M. 330, 128 P.2d 1044 (1942).

### Relationship of the Two Claims

The question now is whether there is a sufficient relationship between the two pleadings so that the last one relates back to the original. Malone has two well-established principles of law working in his favor, namely, the liberal construction of pleadings under the Rules of Civil Procedure and the liberal construction of claims in favor of the workman under workmen's compensation statutes.

Since the early adoption of the Federal Rules of Civil Procedure in New Mexico, our courts have recognized that the principal function of pleadings is to give fair notice of the claim asserted. *Seasons, Inc. v. Atwell*, 86 N.M. 751, 527 P.2d 792 (1974). This is to indicate the nature of the case being brought and to enable the adverse party to answer and prepare for trial. It is only necessary that the pleading generally indicate the type of litigation that is involved and give a summary of the case that affords fair notice. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 22 L.Ed.2d 80 (1957); *Securities and Exchange Com'n v. Timetrust, Inc.*, 28 F.Supp. 34 (N.D.Cal. 1939).

The adoption of the Rules of Procedure in 1938 signaled the end of "fact pleading" in federal court and the approval of "notice pleading," . . . with the contemplation that the facts would be developed during discovery proceedings and the theory of the case set forth in the pretrial memorandum.

*Matlack, Inc. v. Hupp Corporation*, 57 F.R.D. 151, 16 F.R.Serv.2d 1429 (E.D.Pa. 1972).

It is important to Malone in this case that the amended pleading relate back, for the reason that it was filed after the statute of limitations had run within which an *original* claim could be filed.

N.M.R.Civ.P. 15(c) [§ 21–1–1(15)(c), N.M. S.A.1953 (Repl.1970)] covers the relation back of amendments in pleadings. It states in part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth *or attempted to be set forth* in the original pleading, the amendment relates back to the date of the original pleading. (Emphasis added.)

In *Holman, supra*, an employee filed a claim for "workmen's compensation." After the statute of limitations had run for

filing an original claim, the workman found that his claim should have been for occupational disease. He filed an amended claim. This Court considered Rule 15(c) and stated that in conjunction with Rule 15(a) which provides for freely granting leave to amend when justice requires, it would be a departure from the liberal spirit of our rules to hold that the amended claim did not relate back. The Court adopted language from *Brown v. New York Life Ins. Co.*, 32 F.Supp. 443, 444 (D.N.J.1940) that, "if the gist of the action or the subject of controversy remains the same . . . although the form of liability asserted or the alleged incidents of the transaction may be different," the amended claim passes the test and relates back. Defendants' contention that *Corzine v. Sears, Roebuck and Company*, 80 N.M. 418, 456 P.2d 892 (Ct.App.1969) is persuasive authority here has no validity, the facts being materially different.

Workmen's compensation laws are a highly favored and salutary type of proceeding. They are remedial in nature. The protective functions of these laws should not be thwarted by cumbersome procedures and technicalities of pleading. The major thrust of this type of legislation is to achieve a just decision by the shortest and quickest possible route. *Security Insurance Co. of Hartford v. Chapman*, 88 N.M. 292, 540 P.2d 222 (1975); 3 A. Larson, *Workmen's Compensation Law* § 78.10, at 15–9 to 15–10 (1976); *Accord, Hildreth v. Director of Division of Labor*, 184 Colo. 259, 520 P.2d 112 (1974).

The Workmen's Compensation Act is remedial legislation and must be liberally construed to effect is purpose. *E. g., Schiller v. Southwest Air Rangers, Inc.*, 87 N.M. 476, 535 P.2d 1327 (1975); *Anaya v. City of Santa Fe*, 80 N.M. 54, 451 P.2d 303 (1969); *Casados v. Montgomery Ward & Co.*, 78 N.M. 392, 432 P.2d 103 (1967); *Mirabal v. International Minerals & Chemical Corp.*, 77 N.M. 576, 425 P.2d 740 (1967); *Sessing v. Yates Drilling Company*, 74 N.M. 550, 395 P.2d 824 (1964); *Mascarenas v. Kennedy*, 74 N.M. 665, 397 P.2d 312 (1964).

Professor Larson states:

> In pleadings under a compensation act, calling things by wrong names, or bringing a petition under a wrong title, or making other harmless mistakes as to details such as dates, are immaterial if the intention of the pleading is clear.

3 A. Larson, *supra*, § 78.11. (Larson cites, *inter alia, Holman, supra*.)

> [C]onsiderable liberality is usually shown in allowing amendment of pleadings to correct such defects as vagueness, omission of essential facts, or inaccuracy in the description of the injury.

*Id.* at 15–11. *See, e. g., Winter v. Roberson Construction Company*, 70 N.M. 187, 372 P.2d 381 (1962); *Shepard v. Chrysler Corporation*, 430 F.2d 161 (5th Cir. 1970), *Lauer v. Tri-Mont Cooperative Creamery*, 287 Minn. 221, 178 N.W.2d 248 (1970); *Taylor v. Armour and Company*, 186 Kan. 51, 348 P.2d 632 (1960); *Potomac Insurance Co. v. Milligan*, 335 S.W.2d 648 (Tex.Ct.Civ.App.1960); *In re Hankowski's Case*, 339 Mass. 388, 159 N.E.2d 88 (1959).

Larson notes that generally the only limitation on liberality of leave to amend pleadings is where the amendment will result in *undue surprise or prejudice* to the opposing party. 3 Larson, *supra*.

We now examine the allegations in the two claims, cautioned to liberality and charged with the duty to determine whether the first claim gave defendants fair notice of the wrong about which Malone complained in his second pleading and whether the latter document resulted in undue surprise or prejudice to defendants.

There are many significant facts that are common to both pleadings, the principal one being that the whole purpose of each claim was to obtain workmen's compensation for total disability to Malone's hands. The parties are the same. As to the question of notice to Swift, it is important to note that the close relationship of employer-employee had existed since March of 1971, the date on which Malone claimed he was first injured. Both claims assert that Malone lives in Clo-

**364**

vis, that he worked for Swift at the time his hands were injured, that he is totally disabled as the result of job-related injuries to his hands, that Globe paid compensation and medical expenses from "May 6, 1975, until June 6, 1975," and that further compensation and medical expenses were denied. The fact that compensation is alleged in both pleadings to have been paid for the identical period of time, and then denied, was sufficient to alert defendants that the claims were related to the same "conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." Rule 15(c).

It warps the imagination to believe that defendants were not fully aware of the particulars regarding Malone's alleged accidents, injuries, disabilities, claims and what he was attempting to accomplish when he filed his amended claim. There is no reason to believe that defendants were surprised or that they were prejudiced by the filing of that document.

We hold that the defendants had fair notice that the claims made in the latter pleading arose out of the same conduct, transactions and occurrences which Malone set forth or attempted to set forth in his original pleading. The last claim relates back to the first; therefore, the statute of limitations has not run.

The contrary decisions of the Court of Appeals and the trial court are reversed. This cause is remanded to the district court for proceedings not inconsistent herewith.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA and PAYNE, JJ., concur.

FEDERICI, J., dissents.