No. 26267

**Mike Hildreth v. The Director of the Division of Labor, The Industrial Commission of Colorado, State Compensation Insurance Fund, and Kermac Nuclear Fuels Corporation**

(520 P.2d 112)

Decided March 11, 1974.

Klingsmith & Russell, P.C., P. C. Kingsmith, for petitioner-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, Peter L. Dye, Assistant, for respondents The Director of the Division of Labor and The Industrial Commission of Colorado.

Francis L. Bury, R. S. Ferguson, for respondents Division

of State Compensation Insurance Fund and Kermac Nuclear Fuels Corporation.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This matter began in 1962 under the Colorado Occupational Disease Disability Act. C.R.S. 1963, 81-18-18. We received the case from the Court of Appeals, having granted certiorari prior to judgment by reason of a possible constitutional question.

The appellant was employed by Kermac Nuclear Fuels Corporation as a mill operator. His duties necessitated that he work without any protective devices over open acid tanks in which uranium was leached from the ore, and he eventually became disabled as a result of continued inhalation of sulfuric acid fumes. In May of 1962, pursuant to the Colorado Occupational Disease Disability Act, the Commission awarded appellant temporary disability compensation for two short periods of early 1962. In June of 1962 a specialist diagnosed appellant's condition as "Chronic Bronchitis with pulmonary emphysema resulting from the inhalation of chemical fumes." Another doctor stated that appellant was a "pulmonary cripple" who had no capacity for manual labor and for whom even sedentary activities would be a burden.

Appellant then went to the Commission and explained the deterioration of his condition. His doctor sent two letters to the Commission setting forth the above diagnosis. Following additional communication including the filing of a formal petition to reopen, the Commission reopened the matter on its own motion in April of 1963 to determine whether there had been a change in appellant's condition.

██ The Commission has yet to make a determination as to whether there had been a change in his condition. The case has meandered through the Commission, the District Court

and the Court of Appeals (30 Colo. App. 415, 497 P.2d 350), where procedural and jurisdictional questions have been argued at great length. That the matter has been pending since the reopening for nearly eleven years is appalling.

Here the Commission argues that there was not a proper and timely petition to reopen the matter and presents other contentions, none of which relate to the merits.

We are not going to concern ourselves with procedural issues here. The fact remains that the Commission reopened this matter on its own motion, which it had authority to do. It then had the duty to reach the merits of appellant's claim and to determine whether or not there was a change in his condition. It is time for the Insurance Fund and the Commission to forget about procedural and jurisdictional matters and get down to business in this case.

The refusal of the Industrial Commission to make a determination on the merits is reversed and the cause is remanded to it with directions to do those things necessary to reach an expeditious determination as to whether there was a change in the appellant's condition and, if so, to make an appropriate award.