### No. 26821

**Mike Hildreth v. The Director of the Division of Labor; The Industrial Commission of Colorado; State Compensation Insurance Fund; and Kermac Nuclear Fuels Corporation**

(541 P.2d 684)

Decided October 6, 1975.                    Rehearing denied November 10, 1975.

Klingsmith, Russell, Angelo & Wright, P.C., Wyatt B. Angelo, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Peter L. Dye, Assistant, for respondents-appellees, The Director of the Division of Labor and The Industrial Commission of Colorado.

Francis L. Bury, Robert S. Ferguson, for respondents-appellees, Kermac Nuclear Fuels Corp. and Division of State Compensation Insurance Fund.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Once again this Workmen's Compensation case is in the appellate courts, *see* 30 Colo. App. 415, 497 P.2d 350, 184 Colo. 259, 520 P.2d 112, and once again we must remand to the Industrial Commission for further proceedings. In *Hildreth v. The Director of the Division of Labor*, 184 Colo. 259, 520 P.2d 112, we stated:

"We are not going to concern ourselves with procedural issues here. The fact remains that the Commission reopened this matter on its own motion, which it had authority to do. It then had the duty to reach the merits of appellant's claim and to determine whether or not there was a change in his condition. It is time for the Insurance Fund and the Commission to forget about procedural and jurisdictional matters and get down to the business of this case.

"The refusal of the Industrial Commission to make a determination on the merits is reversed and the cause is remanded to it with directions to do those things necessary to reach an expeditious determination as to whether there was a change in the appellant's condition and, if so, to make an appropriate award." 520 P.2d at 113.

Shortly thereafter, the appellant's attorney wrote a letter to the Department of Labor and Employment in which he stated:

"We think that there is ample evidence in the record for the Commission to arrive at a finding of total permanent disability, and we do not think that the Court intended that the Commission merely determine disability at the date the matter was reopened, but, rather, to make a final determination of maximum disability as that determination is supported by

the evidence in the record. . . . If you do not agree that there is enough evidence of this fact, then as we advised you, we request an opportunity to put on additional evidence as to his total permanent disability."

 On May 22, 1974, without conducting further hearings, the Industrial Commission handed down "Supplemental Findings of Fact and Award" in which they awarded the appellant a 10% permanent partial disability. This was based on a review of the record which included testimony from 1966 and nothing more recent.

The appellant contends that the Commission, pursuant to his request, and this Court's previous opinion, should have conducted a hearing in 1974 to determine the appellant's present condition. We agree.

This case has been in litigation since 1962, and there should now be an immediate and comprehensive disposition of the matter as it stands at this time. Therefore, the cause is reversed and remanded to the Industrial Commission to conduct further hearings in order to determine the appellant's present condition as well as his varying degrees of disability since this matter was reopened, and assess its award in accordance therewith.