374 P.2d 133

**Dorsey Powell RYDER, Plaintiff-Appellant,**

**v.**

**J. B. SANDLIN, d/b/a Sandy's Automotive Service, Employer, and Pacific Employers Insurance Company, Insurer, Defendants-Appellees.**

No. 6950.

Supreme Court of New Mexico.

Aug. 10, 1962.

Burnham & Burns, Aztec, H. A. Daugherty, Farmington, for appellant.

Tansey, Wood, Rosebrough & Roberts, Farmington, for appellees.

## MOISE, Justice.

At the conclusion of the trial of plaintiff-appellant's suit for workmen's compensation, the jury answered special interrogatories submitted to it, as follows: (1) Plaintiff was suffering from a disability prior to June 19, 1959, the date of the claimed accidental injury; (2) on June 19, 1959, plaintiff did suffer an accidental injury arising out of and in the course of his employment with defendant-appellee employer; (3) that plaintiff suffered disability as a result of the June 19, 1959, accident; (4) that the disability suffered was 100%; (5) that 50% of the disability suffered was due to causes other than the June 19, 1959, injury; (6) that 50% of the disability was due to the June 19, 1959, injury; (7) that the disability due to the June 19, 1959, injury continued for 4 weeks; and (8) that at the time of trial plaintiff was not suffering any disability as a proximate result of the June 19, 1959, accident.

Judgment was entered pursuant to the findings by the jury, granting plaintiff 50% compensation for 4 weeks, doctor and hospital bills, witness fees, other court costs, and attorney fees of $150.00. Motion for a new trial having been filed and overruled, plaintiff appeals from the judgment.

Although two grounds for appeal were set forth in the briefs, the first of them was abandoned at the oral arguments, leaving for decision only the claimed error of the trial court in permitting the jury to consider as an issue the question of whether plaintiff's injuries were temporary, rather than permanent. It is plaintiff's contention that there is no substantial evidence to support a finding either of temporary total or temporary partial disability, and that reversible error resulted from the court having permitted the jury to consider the question over timely objection of plaintiff.

That it is error to instruct on a legal proposition that is not within the issues in a case and on which there is present no competent evidence cannot be denied. Martin

v. La Motte, 55 N.M. 579, 237 P.2d 923; Pitner v. Loya, 67 N.M. 1, 350 P.2d 230.

As specified in the pre-trial order entered by the court, among the issues to be tried were "compensability of plaintiff's ailment," and "extent of disability." As we view the pleadings which denied that a compensable injury was present, and the pre-trial order setting forth the issues, it was not error to submit the question of whether the injuries were temporary or permanent if there was any substantial evidence upon the subject for the jury to consider. Gerrard v. Harvey & Newman Drilling Co., 59 N.M. 262, 282 P.2d 1105.

We have examined the trial record and are satisfied that there was substantial evidence from which the jury could properly find that plaintiff's injuries were temporary rather than permanent. Accordingly, it was not error to submit the issue. It would serve no useful purpose to detail the proof made, and accordingly we do not do so.

Although no objection is voiced in this court to the granting of only 50% compensation for four weeks when the jury found plaintiff was 100% disabled, of which only 50% resulted from the accidental injury, under Supreme Court Rule 17(1) (§ 21–2–1(17) (1), N.M.S.A.1953) we note the fact that the findings of the jury and the law, at least as it existed at the time of the injury, entitled the plaintiff to full compensation payments for the duration of the four weeks he was totally disabled. Gilbert v. E. B. Law & Son, Inc., 60 N.M. 101, 287 P.2d 992; Seay v. Lea County Sand & Gravel Co., 60 N.M. 399, 292 P.2d 93; Reynolds v. Racing Association, Inc., 69 N.M. 248, 365 P.2d 671.

The judgment appealed from is affirmed. However, because of the error in limiting the recovery to 50% for the four weeks of total disability, upon remand, the court is instructed to set aside the judgment and enter a new one granting plaintiff recovery for total disability for four weeks.

IT IS SO ORDERED.

COMPTON, C. J., and NOBLE, J., concur.

CARMODY and CHAVEZ, JJ., not participating.