449 P.2d 667

**John MARES, Plaintiff-Appellant,**

v.

**CITY OF CLOVIS, Employer, and Safeco Insurance Company of America, Insurer, Defendants-Appellees.**

**No. 214.**

Court of Appeals of New Mexico.

Dec. 27, 1968.

Monte Lee Sherrod, Albuquerque, for appellant.

Robert S. Hammond, Rowley, Hammond, Murphy & Rowley, Clovis, for appellees.

## OPINION

WOOD, Judge.

Plaintiff's workmen's compensation claim was dismissed: he appeals. Plaintiff was accidentally injured in the course of his employment on September 28, 1966. Compensation was paid until March 22, 1967, at which time the benefits were terminated. Plaintiff sought compensation for disability subsequent to March 22, 1967. The trial court found that subsequent to termination of compensation:

> "* * * plaintiff *has not suffered, and is not now* suffering, any disability which is a natural or direct result of said accident, * * *." (Emphasis added.)

The issue is whether the finding is supported by substantial evidence.

On appeal, we consider only that evidence and the reasonable inferences therefrom which support the finding. Lopez v. Schultz & Lindsay Construction Company, 79 N.M. 485, 444 P.2d 996 (Ct. App.1968).

Our review of the evidence, however, covers two periods of time—(1) disability as of "now" or present disability, and (2)

disability from termination of compensation up to the date of the trial court finding. See Ryder v. Sandlin, 70 N.M. 377, 374 P.2d 133 (1962); compare Gerrard v. Harvey & Newman Drilling Co., 59 N.M. 262, 282 P.2d 1105 (1955).

*Present disability.*

The trial court found that plaintiff does not "now" suffer any disability which is a natural and direct result of the accident. In attacking this finding plaintiff points to medical testimony which, if believed by the trial court, would support a finding of disability. However, another medical witness testified that plaintiff was able to do the work he was doing at the time of the accident. This medical witness found no objective evidence for plaintiff's complaints of pain and was of the opinion that plaintiff's subjective responses were exaggerated. This testimony, if believed, is substantial evidence in support of the finding that plaintiff is not "now" disabled.

There is a conflict in the evidence concerning plaintiff's present disability. The credibility of the witnesses and the weight to be given their testimony are to be determined by the trial court and not by the appellate court. Lopez v. Schultz & Lindsay Construction Company, supra. The trial court resolved the conflict by finding that plaintiff is not presently disabled. It did not err in so finding. Romero v. Zia Company, 76 N.M. 686, 417 P.2d 881(1966); Torres v. Kennecott Copper Corporation, 76 N.M. 623, 417 P.2d 435 (1966).

*Disability from termination of compensation to date of trial court finding.*

The trial court found that since the termination of compensation, plaintiff has not suffered any disability which is a natural and direct result of the accident.

The testimony of three medical witnesses would support a finding that plaintiff has been disabled subsequent to termination of compensation.

One medical witness testified that plaintiff did not suffer a disability as of the date of his examination. The testimony of this one witness, however, does not cover the entire period of time under consideration. This testimony raises a conflict in the evidence concerning disability as of September 7, 1967. The witness expressed no opinion as to plaintiff's disability prior to that date.

From September 7, 1967 to the date of the trial court's finding there is a conflict in the evidence as to disability. The trial court resolved this conflict by its finding. The trial court did not err in finding that plaintiff had not been disabled during this period. Romero v. Zia Company, supra; Torres v. Kennecott Copper Corporation, supra.

However, between March 22, 1967 and September 7, 1967, the only evidence is that plaintiff suffered a disability as a natural and direct result of the accident. Since this evidence was not contradicted in any way, the trial court erred in finding that plaintiff had not suffered a disability during this period of time. See Ross v. Sayers Well Servicing Company, 76 N.M. 321, 414 P.2d 679 (1966).

The evidence being uncontradicted, the trial court should have found that plaintiff suffered a disability between March 22, 1967 and September 7, 1967, as a natural and direct result of the accident. While the testimony of a disability is uncontradicted, the testimony as to the extent of the disability varies. Accordingly, the cause must be remanded to the trial court to determine the extent of plaintiff's disability between the above stated dates.

The judgment of the trial court denying compensation to plaintiff subsequent to September 7, 1967 is affirmed. That portion of the judgment that denies plaintiff compensation between March 22, 1967 and September 7, 1967 is reversed. The cause is remanded with instructions to determine from the record, and without taking additional evidence, the extent of plaintiff's disability between March 22, 1967 and September 7, 1967, and to enter a new judg-

ment consistent with this opinion and the findings as to disability during the period between the dates set forth above.

It is so ordered.

SPIESS, C. J., and ARMIJO, J., concur.