568 P.2d 618

**Candido W. MARTINEZ,
Plaintiff-Appellant,**

v.

**FLUOR UTAH, INC., and Hartford Insurance Group, Defendants-Appellees.**

**No. 2838.**

Court of Appeals of New Mexico.

Aug. 23, 1977.

Benito Sanchez, Albuquerque, for plaintiff-appellant.

John A. Klecan and Linda G. Kluger, Klecan & Roach, P.A., Albuquerque, for defendants-appellees.

## OPINION

REUBEN E. NIEVES, District Judge.

The plaintiff workman brings to this court a review of a judgment under the Workmen's Compensation Act of New Mexico. The judgment reflects a finding for plaintiff of a disability resulting from an accidental injury in the course and scope of his employment on September 10, 1975, and continuing until June 28, 1976, except for a period of time that the plaintiff continued to be employed by the defendant employer. The effect of this determination was that plaintiff was not totally disabled within the meaning of the Workmen's Compensation Act. We are compelled to affirm.

Two points are raised by plaintiff in this appeal seeking reversal of the judgment below: (1) The trial court's finding of temporary total disability to June 28, 1976, is not supported by substantial evidence; and (2) the trial court erred as a matter of law in not finding and concluding that claimant was totally disabled within the meaning of the Workmen's Compensation Act.

■ *The trial court's finding of temporary total disability to June 28, 1976, is supported by substantial evidence.*

Briefly, the salient facts herein are: plaintiff slipped and sprained his left ankle on or about September 8, 1975, while at work. He was treated by Dr. Rosenbaum and returned to his employment on or about September 29, 1975. On or about October 13, 1975, plaintiff sustained injury to his left knee within the scope of his employment, when a scaffold collapsed. Again he was treated by Dr. Rosenbaum, but such treatment was not commenced until No-vember 13, 1975. Plaintiff continued to work at "light duty" from October, 1975, to March, 1976. In March of 1976, defendant insurance carrier referred plaintiff to Dr. Woolson, an orthopedic surgeon, who in turn referred him to Dr. Spingola, a general surgeon. Dr. Spingola took plaintiff from further employment activity and treated the left lower extremity until May, 1976, and then releasing him back to light duty for two or three weeks. From this medical evidence elicited from Drs. Spingola and Woolson, the court determined that plaintiff had no further impairment or disability subsequent to June 28, 1976.

■ It is firmly established that in reviewing the sufficiency of expert medical testimony on appeal, the evidence and inferences that may reasonably be drawn therefrom must be viewed in the light most favorable to support the judgment, and the fact that there may have been contrary evidence which would have supported a different finding or conclusion, does not permit an appellate court to weigh evidence. *Corzine v. Sears, Roebuck & Co.,* 80 N.M. 418, 456 P.2d 892 (Ct.App.1969), cert. denied, 80 N.M. 388, 456 P.2d 221 (1969); *Jensen v. United Perlite Corporation,* 76 N.M. 384, 415 P.2d 356 (1966).

■ In his arguments and briefs plaintiff seeks relief from this court on two premises: that (1) the medical testimony of the defendants is based on inaccurate and incomplete information and should be totally disregarded; (2) said medical testimony does not meet the substantial evidence test. We have carefully examined the expert medical testimony of all three doctors i. e., Drs. Rosenbaum, Woolson and Spingola and determined that the evidence adduced from each of these witnesses meets the substantial evidence test. The trial judge had the discretion to accept or reject the testimony of any of the medical witnesses. The Supreme Court in considering a similar issue in *Montano v. Saavedra et al.,* 70 N.M. 332, 373 P.2d 824, 826 (1962), said:

"It is sufficient to point out that the trial judge, being called to weigh the testimo-

ny of the doctor, was not convinced to the degree necessary to move him to make a finding that the accident in July, 1959, probably caused the injuries complained of and which the doctor found to be present in April, 1961. It is for the trier of the facts to weigh the testimony, determine the credibility of the witnesses, and, to reconcile inconsistent statements and say where the truth lies (authorities cited).

True enough, there was testimony of the medical expert from which the trial court might have found otherwise. Nevertheless, it was for the trial court, as the fact finder, to evaluate all the evidence and determine where the truth lay (authorities cited)."

■ Again, in *Wood v. Citizens Standard Life Insurance Company,* 82 N.M. 271, 480 P.2d 161 (1971) the Supreme Court of this state addressed itself to this point, held that the trial court and not the appellate court, shall determine the credibility of witnesses and the weight to be given their respective testimonies; that once a medical witness has qualified to give an expert medical opinion upon a particular issue, the weight, if any, to be given his opinion thereto, and the resolution of conflicts between his opinion and the opinions of other medical experts on the issue, are for the trier of facts. The trier of facts need not give greater weight to the expert medical opinions of treating physicians than to the medical opinions of physicians who conducted only medical examinations for purposes of evaluation.

■ Plaintiff cites this court's ruling in the case of *Niederstadt v. Ancho Rico Consolidated Mines,* 88 N.M. 48, 536 P.2d 1104 (1975), to anchor his position. That ruling cannot afford the plaintiff any comfort as the two situations are clearly distinguishable. Plaintiff displays for our consideration, minor omissions and relatively unimportant errors and contradictions in the testimonies of Drs. Woolson and Spingola, and urges that these omissions and contradictions unerringly zeros the instant case within the sphere of *Niederstadt,* supra. This cannot be. In *Niederstadt,* the medical authority testifying had not had available highly pertinent medical information in the form of an orthopedic surgeon's report from another doctor. As stated above, these factual situations are readily distinguishable and rest poles apart.

■ Plaintiff's plea in his appeal would have this court weigh the testimony of the doctors, or to find that the trial court should have disregarded the testimony of Drs. Woolson and Spingola. He has not shown nor demonstrated by the testimony of his medical expert, Dr. Rosenbaum, that the testimony of defendants' medical experts was inherently improbable, or incompetent. *Gonzales v. General Motors Corporation,* 89 N.M. 474, 553 P.2d 1281 (1976).

We have considered the cases cited by the plaintiff in support of this appeal, and determine that they do not alter our final determination herein.

Plaintiff's second point claiming error in the trial court's failure to find that he was totally disabled within the meaning of the Workmen's Compensation Act, is put to rest, since the conclusion we have reached as to plaintiff's first point obviates any further consideration herein.

■ At the conclusion of plaintiff's brief-in-chief, our attention is directed to a request for a reasonable attorney fee for plaintiff's attorney for his efforts in the District Court. The trial court made an award of $350.00 as attorney fees. We agree with plaintiff that this amount is not adequate considering the time and effort expended in this cause as reflected by the transcripts and briefs filed. Section 59–10–23(D), NMSA 1953, as amended.

The services of plaintiff's attorney command a more substantial attorney fee than awarded by the court. Judgment should be entered in favor of the plaintiff in the additional amount of $950.00 as attorney fees for plaintiff's attorney, making a total award of attorney fees of $1,300.00 for services rendered in the District Court. See, *Wright v. Schultz,* 55 N.M. 261, 265, 266, 231 P.2d 937 (1951).

The judgment of the trial court is affirmed in all matters except that a new judgment be entered as to attorney fees for plaintiff's attorney consistent with the views hereinabove expressed.

IT IS SO ORDERED.

SUTIN and LOPEZ, JJ., concur.