580 P.2d 498

**Leonires PACHECO, Plaintiff-Appellant,**

**v.**

**ALAMO SHEET METAL WORKS, INC. and United States Fidelity and Guaranty Company, Defendants-Appellees.**

**No. 3358.**

Court of Appeals of New Mexico.

June 6, 1978.

Albert J. Rivera, Alamogordo, for plaintiff-appellant.

Charles W. Durrett, Durrett, Conway, O'Reilly & Jordon, P. C., Alamogordo, for defendants-appellees.

OPINION

WOOD, Chief Judge.

Plaintiff's appeal from his workmen's compensation award raises issues as to (1) temporary total disability, and (2) attorney fees.

Temporary Total Disability

Defendants' answer admitted that plaintiff suffered an accident arising out of and in the scope of his employment, and that plaintiff suffered temporary injuries. The answer denied that plaintiff had suffered a permanent injury. There is no dispute concerning the amount of the compensation benefits or plaintiff's entitlement to medical and surgical expenses.

The evidence, uncontradicted, was that at the time of trial, plaintiff was totally disabled within the meaning of § 59–10–12.18, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1). The trial court's findings, in effect, found total disability.

The trial court also found, however:

That Plaintiff has not achieved his maximum recovery at the present time and as a reasonable medical probability should continue to improve until approximately two years from the date of the accident.

The trial court concluded:

Plaintiff has been temporarily totally disabled since the date of the accident and is entitled to weekly compensation benefits of $97.96 per week from April 14, 1976, to the entry of judgment and continuing thereafter so long as the temporary disability continues.

The judgment reflects the above-quoted conclusion. In the judgment, the trial court retained jurisdiction over the cause.

Plaintiff contends the evidence does not support the conclusion of a temporary total disability. We disagree. The above-quoted finding and the above-quoted conclusion which is based on that finding, has evidentiary support in the testimony of the medical experts.

Plaintiff asserts that, having in effect found a total disability at the time of trial, the trial court was required to enter a judgment for a total disability that was permanent. Plaintiff argues that a *temporary* total disability is not authorized by the Workmen's Compensation Act. We disagree.

■ Section 59–10–12.18, supra, defines total disability, but does not refer to payment of compensation benefits. Section 59–10–18.2, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1, Supp. 1975) sets forth the payments to be made for total disability "during the period of that disability" up to a maximum period of 600 weeks. The language of § 59–10–18.2, supra, contemplates that total disability may be temporary. The view, that total disability may be temporary, has been recognized in various decisions. See

*Martinez v. Fluor Utah, Inc.*, 90 N.M. 782, 568 P.2d 618 (Ct.App.1977); *Martinez v. Earth Resources Co.*, 90 N.M. 590, 566 P.2d 838 (Ct.App.1977); *Goolsby v. Pucci Distributing Company*, 80 N.M. 59, 451 P.2d 308 (Ct.App.1969); compare *Mares v. City of Clovis*, 79 N.M. 759, 449 P.2d 667 (Ct.App. 1968).

■ Plaintiff asserts that the judgment violates § 59–10–16(A), N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1) and that the judgment should have provided for compensation for 600 weeks from the date of the accident. Again, we disagree.

Section 59–10–16(A), supra, states the judgment shall be "for the amount then due, and shall also contain an order . . . for the payment to the workman . . . [of] the further amounts he is entitled to receive." The judgment complied with the statute. The judgment provided for the payment of weekly benefits of a specified amount from the date of the accident to entry of the judgment. We do not understand plaintiff to claim the judgment is defective because it fails to set forth a total sum due, or because it fails to state the number of weeks for which compensation was due, a matter ascertained by counting the calendar weeks. Nor do we understand plaintiff to complain that he is to be paid the specified weekly sum so long as the temporary total disability continues. We understand plaintiff's complaint to be that the judgment refers to a temporary total disability rather than a disability for the maximum 600 weeks during which compensation is payable. Since total disability payments are to be made "during the period of that disability", § 59–10–18.2, supra, the judgment states the "further amounts he is entitled to receive." Section 59–10–16(A), supra.

Since plaintiff is receiving temporary total disability payments until some change occurs, what is his complaint? Plaintiff asserts defendants can "maintain the Plaintiff on temporary disability for the entire six hundred (600) weeks which would prohibit the Plaintiff of reasonable attorney fees and deprive him of the vocational reha-

bilitation services provided by" § 59–10–19.-2, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1). This argument is premature. Plaintiff has been awarded an attorney fee for services in securing the award of temporary total disability. Plaintiff, so far, has not sought vocational rehabilitation benefits. The trial court's finding and its retention of jurisdiction, contemplate further proceedings two years after the date of the accident. Claims for attorney fees and rehabilitation benefits will no doubt be made in the contemplated further proceedings.

Attorney Fees

The trial court awarded plaintiff an attorney fee of $500 for services in the trial court resulting in the award of temporary total disability. Plaintiff asserts the award is arbitrary.

 There is nothing in the appellate record concerning the provisions of § 59–10–23(D), N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1). See *Keyser v. Research Cottrell Company*, 84 N.M. 173, 500 P.2d 997 (Ct.App.1972). Plaintiff requested the trial court to find that $5,000 should be awarded as attorney fees "in view of the time and services rendered by Plaintiff's attorney". There is nothing showing the time and services rendered, it is not reflected in the transcripts and briefs filed in this case. See *Martinez v. Fluor Utah, Inc.*, supra. Plaintiff seems to be arguing that he is entitled to a minimum fee of ten percent of the amount due at the time of the judgment. This is incorrect. The amount of the attorney fee award is discretionary with the trial court and is reviewable only for an abuse of discretion. *Escobedo v. Agriculture Products Co., Inc.*, 86 N.M. 466, 525 P.2d 393 (Ct.App. 1974). There is nothing showing an abuse of discretion.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.