585 P.2d 649

**Cecil Dwaine SHORT,
Plaintiff-Appellant,**

v.

**ASSOCIATED MILK PRODUCERS, INC., Employer, and Fireman's Fund American Insurance Companies, Insurer, Defendants-Appellees.**

**No. 3511.**

Court of Appeals of New Mexico.

Sept. 26, 1978.

James A. Mungle, Albuquerque, for plaintiff-appellant.

William F. Brainerd, Roswell, for defendants-appellees.

## OPINION

SUTIN, Judge.

Plaintiff recovered judgment on *February 3, 1978* in a workmen's compensation case and was awarded compensation for temporary total disability. The judgment further ordered that the parties appear before the court before *November 1, 1978* for the purpose of determining the plaintiff's condition at that time. Plaintiff appeals. We affirm.

Plaintiff challenges the court's finding No. 5.

The Plaintiff is temporarily, totally disabled as a result of his injury * * *.

He states:

This appeal presents only one issue, that being whether a trial court can disregard uncontradicted, unimpeached testimony and unrebutted presumptions establishing the permanency of the workman's disability.

The issue is misstated. The issue is: Can the trial court award temporary total disability when plaintiff's doctor testified that plaintiff should be reevaluated within 8 to 10 months after trial?

■ On direct examination, plaintiff's doctor testified that plaintiff was permanently disabled, but his condition had not yet stabilized; that the passage of a year would better indicate what his condition would be. On cross-examination, the doctor was asked this question to which he made this answer:

Q. So that you think that this man ought to go through another eight or nine or ten months and then come back for evaluation at that time?

A. Yes.

The reason given by the doctor was to see how plaintiff was coping with the situation, whether he can live with it or not or whether his back was stabilized, "whether there has been any change *for the better or worse*." At the close of the evidence, the trial court stated that this testimony was the turning point; that the doctor had to have a year to see if the plaintiff's back will stabilize. The doctor's testimony was substantial evidence of temporary total disability.

*Pacheco v. Alamo Sheet Metal Works, Inc.,* N.M.App., 580 P.2d 498, 1978, is directly in point. The trial court found that plaintiff was totally disabled; and this disability should continue to improve until approximately two years from the date of the accident. The court concluded that plaintiff had been temporarily totally disabled and should receive compensation benefits as long as temporary total disability continued. Judge Wood asked this piercing question:

Since plaintiff is receiving temporary total disability payments until some change occurs, what is his complaint?

Defendant asked the same question. Plaintiff answers "*Pacheco* is not applicable." This answer is nugacious.

Even though plaintiff had been awarded total permanent disability, this Court raised

the issue during oral argument whether defendant could proceed within six months thereafter to re-evaluate plaintiff. Section 59–10–25(A), N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1).

Plaintiff strongly contended that if the court found plaintiff permanently disabled, the employer would be denied any six-month right to re-evaluate plaintiff. This appears to be a matter of first impression in New Mexico. The pertinent part of § 59–10–25(A) reads:

> The district court in which any workman has been awarded compensation * * * may, upon the application of the employer * * * fix a time and place for hearing upon the issue of claimant's recovery and if it shall appear upon such hearing that diminution or termination of disability has taken place, the court shall order diminution or termination of payments of compensation as the facts may warrant * * * Hearings may not be held more frequently than at six-month intervals * * *.

It is important to note that the only essential element necessary to allow the employer to proceed for diminution or termination of disability is the fact that a "workman has been awarded compensation." Whether the disability is total or partial, permanent or temporary plays no role in any subsequent hearing. Judgment was entered February 3, 1978. On August 3, 1978, the defendant could have "fixed a time and place for hearing upon the issue of claimant's recovery." The trial court ordered that the parties appear before November 1, 1978 for the purpose of determining plaintiff's condition at that time. No date was fixed for attendance before the court. Unless the parties agree on a date, the defendant shall fix a date for such attendance and notify plaintiff. A hearing shall be held to determine whether plaintiff remains totally disabled.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.