This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MANUEL HERNANDEZ,**

Worker-Appellee,

v.                                                                                          **No. 30,278**

**DILLARDS, INC. and DISCOVER**
**RE PRIMARY WORK COMP. C/O**
**GALLAGHER BASSETT,**

Employer/Insurer-Appellant.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Gordon Berman
Las Cruces, NM

for Appellee

Hale & Dixon, P.C.
Timothy S. Hale
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Employer/Insurer (Employer) appeals from an order of the workers' compensation judge's (WCJ's) determination of bad faith and awarding Worker a 25% increase in benefits. We issued a calendar notice proposing to affirm, and Employer has filed a timely memorandum in opposition. Unpersuaded, we affirm.

Worker was employed as a dock worker, unloading merchandise brought in on semi-trucks. [DS 2] This work involved a heavy level of exertion. [RP 178] In November 2008, Worker was standing on a step stool to reach hanging merchandise when he fell off the step stool and landed on his left side. [DS 2; see RP 1 (¶ 7e), 2 (¶ 8b), 7-8 (¶ 9), 21, 159 (¶ 23), 165 (¶¶ 7-14)] Worker's fall occurred when Worker was acting within the scope of his employment. [RP 177]

Worker had a preexisting condition consisting of severe osteoarthritis of the left hip. [RP 178; DS 2] The fall aggravated his preexisting condition and, after the fall, Worker was restricted to a sedentary level of exertion. [RP 178; DS 5] Employer paid Worker's medical bills through January 16, 2009, and paid indemnity benefits through December 17, 2008. [DS 4] After January 16, 2009, Employer ceased all payments, and Worker filed his claim on January 26, 2009. [DS 5]

The WCJ entered the compensation order on November 9, 2009, finding Worker had ongoing disability of 100%. [RP 176, 180] That order found that the aggravation of Worker's preexisting condition was a direct and proximate result of

Worker's accident. [RP 178] After the compensation order was entered, Worker filed an unfair claim practices and bad faith claim against Employer. [RP 184-90] The WCJ issued another compensation order on February 19, 2010, agreeing with Worker and ordering Worker's benefits to be increased by 25%. [RP 244-45] Specifically, the order states that all of the treating physicians testified that the accidental fall in November 2008 aggravated a preexisting condition in Worker's left hip and that, given existing case law clearly stating that the aggravation of preexisting conditions is covered under the Workers' Compensation Act (the Act), Employer was without a good faith basis to deny Worker's claim. [RP 232, 244-45] The WCJ's memorandum opinion acknowledges a conflict between the testimony at trial and what Employer was previously told, but explains that even the previous explanation given to Employer should have resulted in Employer continuing payments. [RP 232] Employer appeals only that part of the compensation order finding bad faith and increasing Worker's benefits. [DS 4]

"We review workers' compensation orders using the whole record standard of review." *Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 10, 142 N.M. 605, 168 P.3d 177. "In applying whole record review, this Court reviews both favorable and unfavorable evidence to determine whether there is evidence that a reasonable mind could accept as adequate to support the conclusions reached by the fact finder."

*Levario v. Ysidro Villareal Labor Agency*, 120 N.M. 734, 737, 906 P.2d 266, 269 (Ct. App. 1995). "Where the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence supports the findings of the trier of fact." *Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320 (internal quotation marks and citation omitted). The record is viewed in a light most favorable to the judgment. *Martinez v. Fluor Utah, Inc.*, 90 N.M. 782, 783, 568 P.2d 618, 619 (Ct. App. 1977). However, we review the WCJ's application of the law to the facts de novo. *Tom Growney Equip. Co.*, 2005-NMSC-015, ¶ 13.

Unfair claim-processing practices and bad faith are both prohibited under the Act. *See* NMSA 1978, § 52-1-28.1(B) (1990). Regulations adopted pursuant to that section define "bad faith" as knowing or reckless refusal to pay a claim without reasonable basis, fraud, malice, oppression, or reckless disregard of the rights of a party. *See* 11.4.1.3 NMAC (11/30/01); 11.4.1.7(C) NMAC (11/30/01).

Here, Employer lacked a reasonable basis to discontinue Worker's payments. The record indicates Employer relied on a December 16, 2008, letter from Dr. Romanelli to support its position that it was justified in discontinuing benefits. [RP 198] That letter, however, illustrates Employer knew Worker had been diagnosed as suffering an aggravation of a preexisting condition as a result of the fall. [DS 5; RP

4

198] The letter states that Worker is a "54-year-old gentleman who fell at work and appears to have aggravated a preexisting left hip" injury. [RP 198]

Employer did not dispute that Worker fell while performing his duties and that the fall aggravated a preexisting injury. It does not appeal the underlying compensation order. *See Stueber v. Pickard*, 112 N.M. 489, 491, 816 P.2d 1111, 1113 (1991) (noting that an unchallenged finding of the district court is binding on appeal). Employer instead argued it was not liable for the injury because the aggravation had not caused the underlying condition. [RP 232] We disagree. As the WCJ stated [RP 232, 244], our case law is clear, and was at the time of Worker's injury, that the Act applies to the aggravation of preexisting conditions. *Reynolds v. Ruidoso Racing Ass'n*, 69 N.M. 248, 258, 365 P.2d 671, 678 (1961) (explaining that where there is a causal connection between the accidental injury and the resulting disability, the employee "is entitled to compensation to the full extent of the disability even though attributable in part to a pre-existing condition, notwithstanding acceleration or aggravation may be absent"); *Edmiston v. City of Hobbs*, 1997-NMCA-085, ¶¶ 23-25, 123 N.M. 654, 944 P.2d 883 (noting that "the employer takes the employee as it finds that employee" (internal quotation marks and citation omitted)). The appropriate manner of determining compensation in cases involving the aggravation of preexisting conditions is to consider whether "the preexisting condition and the workplace injury

combined to produce an overall condition of disability." *Smith v. Arizona Pub. Serv. Co.*, 2003-NMCA-097, ¶ 12, 134 N.M. 202, 75 P.3d 418 (internal quotation marks and citation omitted). It appears clear that, even prior to the hearing, Employer was aware that Worker's fall had combined with his preexisting condition to restrict Worker's ability to work. [*See* RP 198] Employer simply felt that it should not be required to pay for the aggravation of the preexisting condition.

In its memorandum in opposition, Employer argues that the law requiring an employer to pay for the aggravation of long-standing, preexisting injuries should be overturned. [MIO 1] It further admits that it "recognizes the long-standing law," but argues that asking a court to review and revisit the law does not constitute bad faith. [MIO 2]

While we agree that simply requesting a court to revisit precedent would not constitute bad faith, we cannot approve the method by which Employer sought to challenge the precedent in this case. We see no reason why Employer could not itself have filed a claim to resolve the dispute while paying benefits under protest and have appealed from an adverse decision. *See, e.g.*, NMSA 1978, § 52-5-5(A) (1993) (permitting any party to file a claim where a dispute arises under the Act); *Salazar v. Torres,* 2007-NMSC-019, ¶ 17, 141 N.M. 559, 158 P.3d 449 (reiterating that any party may file a claim to make a determination as to benefits); *State v. Cherryhomes*,

114 N.M. 495, 498-99, 840 P.2d 1261, 1264-65 (Ct. App. 1992) (noting a duty to comply with court orders until vacated or reversed on appeal). Or, Employer might have done the same in the proceeding initiated by Worker's claim. Perhaps Employer could have sought a stay of any obligation to pay benefits pending appeal. Specific procedures are available to ensure the status quo during appeal. *See*, *e.g.*, NMSA 1978, § 52-5-8(B) (1989) (stating that decisions by workers' compensation judges are subject to stay proceedings as outlined in the Rules of Civil Procedure for the District Courts); *see also* Rule 1-062(D) NMRA (permitting an appellant to post a supersedeas bond and obtain a stay during appeals proceedings).

Here, however, Employer simply ceased all payments to Worker in January 2009, even though it admittedly knew it was responsible for the costs associated with Worker's injuries under the law in place at the time of Worker's injury. [*See, e.g.,* MIO 5] Employer essentially argues it is not required to comply with those laws with which it disagrees and should not be held to have placed itself at risk of a claim of bad faith. We cannot agree.

Moreover, we decline Employer's invitation to overturn the longstanding rule regarding payment for the aggravation of preexisting conditions. We note both that we are bound by Supreme Court precedent and also that we have no concerns with the application of that precedent because we believe the current case law on the

7

aggravation of preexisting conditions accurately represents the underlying policy considerations of the Act. *State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶¶ 20-22, 135 N.M. 375, 89 P.3d 47 (explaining that the Court of Appeals is bound by Supreme Court precedent but may alert the Supreme Court to any reservations it might have concerning the application or viability of that precedent). We therefore agree with the WCJ that Employer was without a reasonable basis to deny Worker's claim.

We also noted in our proposed notice that while Employer appeared to put forward an argument regarding the prohibition of additional discovery on the issue of bad faith [DS 4], it did not explain what type of discovery was prohibited or how it may have been prejudiced by said prohibition. We therefore declined to address the issue and affirm. *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990) (explaining that the appellate court presumes the district court is correct thereby placing the burden on the appellant to clearly demonstrate that the lower court erred). Appellant has not addressed this argument in its memorandum in opposition and we therefore deem it abandoned. *See, e.g.*, *Frick v. Veazey*, 116 N.M. 246, 247, 861 P.2d 287, 288 (Ct. App. 1993) (explaining that the "[f]ailure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice").

8

Accordingly, we affirm the WCJ's determination of bad faith and the award to Worker of a 25% increase in benefits.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**ROBERT E. ROBLES, Judge**

_____

**LINDA M. VANZI, Judge**